BOLEN V. CUMBY AND ANOTHER.

Decided November 15, 1890.

1. *Appeal—Waiver.*

> The right to an appeal is waived by acceptance of a benefit under the judgment inconsistent with the appeal.

2. *Waiver of appeal—Evidence to establish.*

> Evidence will be received in this court *dehors* the record to establish a waiver by the appellant of his right of appeal.

APPEAL from *Desha* Circuit Court.

W. P. GRACE, Special Judge.

Action of ejectment by Lelia Cumby and another against Abe Bolen. Defendant claimed the land under a tax title. The court held the tax forfeiture void, found that defendant had placed improvements on the land worth $443.50 and received rents worth $390.00, and rendered judgment in favor of plaintiff for the possession of the land with a lien in defendant's favor for $53.50 for betterments. Defendant appealed. Subsequently appellees in this court moved to dismiss the appeal because, after the rendition of the judgment appealed from, the appellant accepted the sum of $53.50 decreed to him by the court below for betterments. Appellant, in response to the motion, insisted that he accepted the sum adjudged by the court, because the statute required that it should be tendered before plaintiff could procure a writ of

possession, and that he did not intend thereby to abandon
his appeal.

*Harrison & Harrison* for appellant.

*X. J. Pindall* and *Jas. Murphy* for appellees.

COCKRILL, C. J.    A defendant in an action of ejectment    1. Waiver of
against whom judgment is rendered may submit to the judg- appeal.
ment and surrender the possession, without impairing his right
of appeal.    Again, a party may prosecute his appeal from a
judgment, partly in his favor and partly against him, even
after accepting the benefit awarded him by the judgment,
provided the record discloses that what he recovers is his in
any event—that is, whether the judgment be reversed or af-
firmed.    But he waives his right to an appeal by accepting a
benefit which is inconsistent with the claim of right he seeks
to establish by the appeal.    "A party cannot ratify and yet
repudiate the same transaction in one breath.    He must make
his election at the outset to repudiate it *in toto* or take it *cum
onere*, and, when once made and acted upon, he is estopped
from assuming an attitude inconsistent with his first position
and detrimental to the rights of others."    *Dismukes v. Hal-
pern*, 47 Ark., 320.    This language was used in applying
the rule to a contract, the provisions of which were in part
beneficial and in part burdensome to a party, who, after ac-
cepting the benefit, tried to cast off the burden; but it is ap-
plicable as well to a judgment, the beneficial and burdensome
provisions of which are so connected and interdependent that
it would be inconsistent to permit a party to take one without
the other.    That was the attitude of Bolen in this case.    His
acceptance of the amount adjudged to him for ameliorations
is inconsistent with his claim of title and of the right to pos-
sess the land.    The amount adjudged to him is the recom-
pense for the loss of the possession and of his supposed title.
He cannot have the title and possession, and also remuner-

ation for their loss. He cannot, therefore, while enjoying the remuneration awarded him, prosecute an appeal from the residue of the judgment. Baylies, New Trial & App., sec. 7, p. 18.

2. Proof of waiver.     The established practice in such cases in this court, as in the Supreme Court of the United States, is to receive evidence *dehors* the record to establish the fact that the appellant has waived the right to prosecute the appeal; and, where undis-- puted facts establishing the waiver are thus adduced to the court, to dismiss the appeal. *Watkins v. Martin*, 24 Ark., 14; *Wheat v. Moss*, 14 Ark., 423; *Dakota County v. Glidden*, 113 U. S., 222; *Elwell v. Fosdick*, 134 U. S., 500.

The fact that the appellant accepted the amount awarded him by the judgment is conceded in his response to the motion to dismiss the appeal. The response is a confession of the fact with a futile attempt to avoid its legal effect. The appeal must, therefore, be dismissed. It is so ordered.