## MATHIS *v.* LITTERAL.

### Opinion delivered March 29, 1915.

1. APPEAL—RIGHT. OF—WAIVER.—A litigant waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right which he seeks to establish by the appeal.

2. APPEAL—WAIVER OF RIGHT.—A second mortgagee sought to foreclose his mortgage, claiming that the first mortgage was barred by limitations. A decree was rendered, foreclosing the second mortgage, but subject to the first as a superior lien. At the sale the holder of the second mortgage bought in the property for a nominal sum and appealed from that part of the decree which declared his mortgage to be junior to the first mortgage. *Held*, the appeal will be dismissed on the ground that the appellant, by accepting the benefits awarded to him under the decree, waived his right of appeal.

3. APPEAL—WAIVER OF RIGHT.—A litigant can not accept benefits under a decree, and also appeal from it.

Appeal from Benton Chancery Court; *T. H. Humphreys*, Chancellor; appeal dismissed.

*Walter Mathews*, for appellant.

*Rice & Dickson*, for appellee.

Supporting appellee's motion to dismiss the appeal because appellant has accepted benefits under the decree inconsistent with the appeal, counsel cite 47 Ark. 320; 53 Ark. 515; 53 N. E. 765; 2 Standard Enc. of Proc. 211, 212; 57 Pac. 261.

PER CURIAM: Appellant instituted this action in the chancery court of Benton County to foreclose a mortgage on certain land, and made appellee a party defendant, alleging that a mortgage held by the latter was barred by the statute of limitations. The suit was to cancel appellee's mortgage and to establish the priority of appellant's mortgage and to foreclose it. Appellee answered, claiming that his mortgage was not barred but

was superior to that of appellant's, and the court sustained that contention. A final decree was rendered foreclosing appellant's mortgage, subject, however, to that of appellee's as a superior lien, and the commissioner of the court was directed to sell the land, subject to appellee's mortgage, to satisfy appellant's debt. The sale was made by the commissioner, and appellant became the purchaser for the sum of $100, the sale being subsequently confirmed by the chancery court. Appellant then prosecuted an appeal to this court from that part of the decree which declared his mortgage lien to be junior and subject to that of appellee's.

(1-2-3) A motion is now presented by appellee to dismiss the appeal on the ground that appellant, by accepting the benefits awarded to him under the decree, waived his right of appeal. That contention is sound, for appellant's purchase under the decree constituted a recognition of the superiority of appellee's lien, and his attack upon that lien by this appeal puts him in an inconsistent position. He can not accept benefits under such decree and then appeal from it. He purchased the land for a small sum at the sale, which was intended only to dispose of the property subject to appellee's mortgage lien; and if he should obtain a reversal of the decree, it would result in his getting more than he purchased. His position is therefore inconsistent. A litigant "waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right he seeks to establish by the appeal." *Bolen* v. *Cumby,* 53 Ark. 514; *Albright* v. *Oyster,* 60 Fed. 644; 2 Standard Encyclopedia of Procedure, 213.

The right of appeal having been waived, it can not be prosecuted. The appeal is therefore dismissed.