CRANFORD v. HODGES.

Opinion delivered January 19, 1920.

1. APPEAL AND ERROR—INCONSISTENT POSITIONS.—Where, in a suit to compel the conveyance of land, the court decreed that plaintiff pay a specified amount into court and that title be divested out of defendants, the receipt of the money by one of the defendants was inconsistent with her right to appeal, though she gave a bond for its return in case of reversal.

2. COSTS — NONPERFORMANCE OF CONTRACT. — Where defendants agreed to convey land in which a minor had an interest as soon as an order could be obtained from a court of competent jurisdiction authorizing him to convey his interest, and, being unable to obtain such order, tendered a deed for their own interests, reciting that a note was to be executed for the minor's share of the price, the costs of a suit by the purchaser for specific performance in which they were decreed to convey their own interests were properly assessed against them, as the provision for a note was not in accordance with the contract.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*C. L. Pearce* and *Miller & Yingling,* for appellants.

The decree is inequitable in this: (1) There was a mutual mistake as to the thing bought and sold; (2) the written contract was mutually rescinded and a subsequent parol contract made; (3) there is no evidence that appellants breached either the written or parol contract, but there is ample evidence that appellee breached both, and (4) appellants repeatedly offered and were willing to do the very things the court decreed they should do and their not doing so was on account of appellants' default, and it was error to adjudge costs against them. 5 Pom. Eq. Jur. (4 Ed.), 4972-3; 25 R. C. L. 335; 13 U. S. (Law Ed.), 921; 18 *Id.* 435; 27 *Id.* 940; 118 *Id.* 283.

*Brundidge & Neelly,* for appellee.

1. The appeal should be dismissed because, in accordance with the order of the court, appellee paid into court $1,600, the amount of the purchase price remaining unpaid, and this amount was paid to the attorneys of ap-

pellants, and they are estopped. 136 Ark. 348. The acceptance of the money was a bar to the appeal, but if not the decree is correct and is sustained by the evidence. After the question of the minor's age came up, the parties still agreed to sell their interest in the land, which is all that appellee asked, *i. e.*, specific performance of the contract as made. The minor was not a party to the suit.

2. As to the costs, they were in the sound discretion of the chancellor and were properly adjudged.

SMITH, J. Mary F. Grant died intestate, and was survived by her husband, C. H. Grant, and two minor children, Emma and Fred Grant. At the time of her death she was the owner of the town lots involved in this litigation. Emma attained her majority and married. Her name is now Emma Cranford. Fred Grant is still a minor. In March, 1919, the father and daughter decided to sell their interest in the property and, after consulting with the boy, they offered the property to appellee for three thousand dollars. The offer was accepted, and a contract in writing was executed and signed by Grant and his daughter, who were there designated as parties of the first part. As to the interest of Fred Grant, the minor, it was provided that, as soon as an order could be obtained from a court of competent jurisdiction authorizing him to convey his interest, the parties of the first part bound themselves to execute a warranty deed conveying their respective interests, it being recited that the consideration for all three interests should be three thousand dollars, and that the parties of the first part would make between themselves and with the said Fred Grant "a division of the purchase money according to their own agreement." The parties of the first part acknowledged the payment of $700 to Emma Cranford to be applied as payment on her portion of the total consideration.

There appears to have been no question about the good faith of the parties to this contract, but they were unable to obtain the order removing the disabilities of

Fred Grant because he was under eighteen years of age. Thereafter there were negotiations between the parties, as to the details of which they differed, but no agreement was reached, and this suit was brought.

Before the institution of this suit Grant and Mrs. Cranford sold the lots to Mrs. Mabel O. Pearce, who bought with full knowledge of the prior contract, and she was made a party to this litigation. The deed to Mrs. Pearce recited the payment of $2,300 to Grant and Mrs. Cranford and the execution of a note for $700, payable to the order of Fred Grant in five years, bearing interest at the rate of eight per cent.

On the final hearing the court decreed that the plaintiff Hodges should pay into the registry of the court the sum of $1,600, being the amount of purchase money unpaid, and that upon the payment of said sum all title should be divested out of Mrs. Cranford, Grant and Mrs. Pearce and vested in plaintiff, and that the deed to Mrs. Pearce should be set aside and held for naught, and that Mrs. Pearce is the owner of the said sum of $1,600 so ordered paid, and the clerk of the court was directed to pay the same to her and to have the same receipted for upon the margin of the decree.

It was further recited that the rights of the minor, Fred Grant, were not to be in any manner affected by the decree.

The defendants were ordered to pay all costs, and have prosecuted this appeal. This decree was rendered June 9, 1919.

Thereafter on July 5th, Mrs. Pearce received said sum from the clerk and executed a bond containing the following recitals: "And the defendants desiring to appeal from said decree and further desiring to refrain from jeopardizing any of their rights herein, here offer to conditionally accept said sum of sixteen hundred dollars, to be returned, however, to the clerk of the chancery court in the event that said decree is reversed by the Supreme Court of Arkansas.

"Therefore, we hereby undertake and bind ourselves that, in the event the Supreme Court of Arkansas reverses the decree of the White Chancery Court, in the above entitled cause of action, that the defendant, Mabel O. Pearce, will pay into court the sum of sixteen hundred dollars, whenever directed, to be subject to the further orders of the court upon a final determination of said cause of action, and that she will obey all other orders and decrees made by said court in the premises."

Appellee has moved to dismiss this appeal because of the action of Mrs. Pearce in withdrawing this money from the registry of the court; and we think that motion is well taken so far as she is concerned. Appellants say, however, that Mrs. Pearce's acceptance of this money was conditional, and that they have given a bond, the solvency of which is undisputed and which has been approved, which requires the return of this money if appellants prevail upon their appeal. This action is inconsistent, however, with Mrs. Pearce's right to appeal. The use of this money pending this appeal is itself a benefit and one which Mrs. Pearce has the right to enjoy only because her deed was canceled, and it is inconsistent for her to enjoy the use of money to which she is only entitled because her deed has been canceled and, while using the money thus obtained, prosecute a suit to reverse the very decree under which that right is enjoyed. *Jones* v. *Hall*, 136 Ark. 348.

It is apparent that the real parties in interest are now appellee and Mrs. Pearce, as Fred Grant's rights have not been affected by either the contract of sale or the deed to Mrs. Pearce or by the decree in this cause and that Mrs. Cranford and Grant get $2,300 for the land whether the title vests in appellee or in Mrs. Pearce.

The other appellants say, however, that the appeal should not be dismissed, not only because Mrs. Pearce's acceptance of the money was conditional, but because they have taken no action inconsistent with their right of appeal, and it is insisted by them that if the appeal is dismissed they are made liable for the costs of this

proceeding, whereas they would be entitled to a reversal of the decree if the cause were heard on its merits. We do not agree with them in this contention. This suit was not defended upon the ground that the defendants' performance was impossible because of the minority of Fred Grant. Upon the contrary, it is asserted that appellants have at all times offered to perform the contract, and as a reason for not now assessing the costs against them it is asserted that they offered to do substantially what the decree directs done. In reply to this contention, it is pointed out that, while Grant and Mrs. Cranford did tender to appellee a warranty deed to the property in question, conveying their respective interests therein for the sum of $2,300, that deed also recited the existence of a note to be executed to Fred Grant by appellee for the sum of $700, due in five years and bearing interest at the rate of eight per cent. As has been stated, this is the kind of a deed Mrs. Pearce accepted, but it does not conform to the contract of sale here sought to be specifically enforced, because of the provision for a five-year note at eight per cent.

Appellants elected to defend upon the ground that they had made no default in the performance of their contract. But the terms of sale recited in the deed constituted a substantial variance, and the court was, therefore, warranted in finding against appellants on the issue presented by the pleadings and the testimony. The decree of the court below is therefore affirmed.