### WOLFORD *v.* WARFIELD.

#### Opinion delivered January 11, 1926.

APPEAL AND ERROR—ACTS INCONSISTENT WITH APPEAL.—Under Craw-
ford & Moses' Dig., § 3703, providing that in actions to recover
possession of land a defendant in possession under color of
title is entitled to recover the value of improvements and taxes,
and that the same shall be paid before the successful party shall
have possession, *held* that where a successful party took posses-
sion of the land before paying the defendant for his improve-
ments, such party was not entitled to appeal, because she
accepted the benefit of the judgment favorable to herself, and
it is immaterial that she executed a supersedeas bond to pay the
judgment in the event of an affirmance.

Appeal from Phillips Circuit Court; *E. D. Robertson,*
Judge; appeal dismissed.

*Sheffield & Coates,* for appellant.

*W. G. Dinning* and *Bevens & Mundt,* for appellee.

PER CURIAM. Appellee moves to dismiss the appeal
under § 2168, Crawford & Moses' Digest, on the ground
that appellant has forfeited the right of appeal by ac-
cepting benefits under the judgment appealed from.

Appellant was plaintiff below, and sued to recover possession of a tract of land. The judgment of the circuit court was in appellant's favor for recovery of the land in controversy, but there was a judgment in favor of appellee for the recovery of a sum of money as compensation for improvements made on the land. Appellant gave a supersedeas bond and then took possession of the land. It is contended by appellee that this was such an acceptance of benefits as would be inconsistent with the right of appeal from the judgment awarding those benefits.

The statute (Crawford & Moses' Digest, § 3703) provides that in actions to recover possession of land a defendant in possession under color of title who has "peaceably" improved the lands in controversy is entitled to recover compensation for the value of such improvements together with the amount of taxes paid by him and those under whom he claims, and that the same shall be paid by the successful party "before the court rendering judgment in such proceedings shall cause possession to be delivered to such successful party." Appellant was therefore not entitled to take possession of the land until payment of the compensation awarded, and such taking was an acceptance of benefits under the judgment inconsistent with the right of appeal from the other part of the judgment. *Bolen* v. *Cumby,* 53 Ark. 514. The fact that appellant executed a supersedeas bond to pay the judgment in event of an affirmance did not affect the inconsistency of accepting the benefit of the judgment without performing that part of it which awarded compensation to the occupant. The statute requires payment of the compensation before possession is awarded, and if the plaintiff in ejectment takes possession he waives his right to appeal from the judgment awarding compensation.

The conclusion of this court therefore is that the right of appeal has been forfeited, and that the appeal should be dismissed. It is so ordered.