### MORGAN v. MORGAN.

Opinion delivered May 17, 1926.

ESTOPPEL—ACCEPTING BENEFIT OF DECREE.—One cannot accept and derive a benefit from a decree without necessarily admitting its legality.

Appeal from Independence Chancery Court; *Lyman F. Reeder*, Chancellor; reversed.

*W. K. Ruddell*, for appellant.

*S. M. Casey*, for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant on December 1, 1923, in the chancery court of Independence County, to set aside a decree of divorce and an award of their child obtained by appellee on September 3, 1923, under constructive service upon her husband. It was alleged in the bill that the decree was procured through fraud practiced upon the court by falsely representing that appellant did not know the whereabouts of appellee.

Appellant filed an answer denying the allegations, and, by way of further defense, alleging that appellee was estopped by pleading said decree in bar of an action for divorce and alimony, which appellant pleaded against appellee in the chancery court in Memphis, Tennessee.

The cause was submitted upon the pleadings and testimony adduced by the respective parties, which resulted in the cancellation of the decree rendered September 3, 1923, from which is this appeal.

Although the record reflects that appellant knew of appellee's whereabouts when she brought her suit in the chancery court of Independence County, and that she failed to impart this information to the attorney appointed to represent her husband, which suppression amounted to such a fraud as would justify the court in setting aside the decree, yet appellant estopped himself from taking advantage of the fraud by using the decree sought to be canceled in defeating a suit for divorce and alimony brought by appellant against appellee in Tennessee. The record of the suit and proceedings brought in Tennessee was introduced in evidence in the instant case, and the following is an excerpt from appellee's answer filed therein:

"Having heard that his wife had fraudulently obtained a divorce from him, he immediately went to Batesville to verify the report. Upon his arrival there he not only found his wife divorced, but married to one Harris A. Hobbs, who had been employed by this defendant on the farm of this defendant recently purchased for his wife. Defendant would show that he at once had his former wife and Harris A. Hobbs arrested for bigamous conduct, but that the warrants were later withdrawn and a petition drawn up for the annulment of the divorce proceedings, upon which petition, however, absolutely no court proceedings had been had. Defendant would show that he brought his former wife back to Memphis with him, doing everything in his power to forgive and forget her wrongs to him. That while here in Memphis, and presumably on the best terms with him, the complainant filed her bill in this court, which your defendant alleges is a perjurous statement from beginning to end. Therefore this defendant pleads said former suit and proceedings and adjudication in bar of the present bill, and prays that said adjudication is and remains in full force and effect; and prays that complainant's bill be hence dismissed and the injunction dissolved."

The bill in Tennessee was subsequently dismissed and the injunction dissolved. One cannot accept and

derive a benefit from a decree without necessarily admitting its legality. *Butts* v. *Butts,* 152 Ark. 399. The court therefore committed reversible error in setting the decree of date September 3, 1923, aside for fraud.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to dismiss appellee's bill for the want of equity.