HINTON v. ELLIOTT.

4-3097

Opinion delivered October 2, 1933.

*Cravens, Cravens & Friedman,* for appellant.

*A. M. Dobbs* and *D. L. Ford,* for appellee.

SMITH, J. This appeal is from the order of the chancery court of the Fort Smith District of Sebastian County refusing to confirm a commissioner's sale made pursuant to the decree of the court foreclosing a mortgage on a house and lot in the city of Fort Smith. Exceptions were filed to the commissioner's report by both the plaintiff and defendants in the foreclosure suit.

Upon the hearing of the exceptions filed by both the plaintiffs and the defendants, the following testimony was offered: The property was purchased by one of the defendants in 1922 for $9,000, and has since been occupied by her as a residence. The house is a two-story frame building, has nine rooms and a hall, has an attic, and a furnace in the basement. The property is now

assessed for general taxes at $2,750, which is supposed to be fifty per cent. of its value.

The purchaser borrowed $4,000 from the Lyman Real Estate Company, evidenced by four notes each for $1,000, and executed a mortgage on the house and lot as security therefor. The real estate company sold one of these notes to R. L. Elliott, another to M. Davis, and two of them to Mary B. Martin, and executed an assignment of the notes and of the mortgage securing them to these purchasers.

The foreclosure suit was brought by the holders of these notes. The decree adjudged the balance due on the notes, and ordered the foreclosure of the mortgage securing them, and appointed the clerk of the court as commissioner to execute the decree, who was "* * * hereby directed and ordered to sell said land above-described in the manner and form as provided by law for the sale of lands under attachment."

Two real estate men familiar with city values placed the market value of the property, even at the present price level, at from three thousand to forty-five hundred dollars, and representatives of the plaintiffs, offered to bid at a resale three thousand dollars for the property. It was sold at the commissioner's sale to W. L. Hinton for $525, on October 22, 1932.

The defendants in the foreclosure suit excepted to the confirmation of the report of sale for the reason that the property was not sold in the manner provided by law for the sale of real estate under attachment, the law requiring such sales to be upon a credit of not less than three or more than twelve months for real property, or on installments equivalent to not more than twelve months' credit on the whole. Such sales are made subject to confirmation of the court, and from such a sale a right of redemption exists. *Beard* v. *Wilson*, 52 Ark. 290, 12 S. W. 567.

It is pointed out in the exceptions of the defendants that if it be said that the direction to sell as under an attachment is a misprision of the clerk, and that it was intended that the property be sold as under execution,

the law in regard to execution sales was not complied with, in that no notice of the sale was posted upon the property to be sold, in which defendants resided, and that, had this been done, defendants would have been advised of the sale, whereas the property was sold without defendants being aware that it had even been advertised for sale. The right to redeem from execution sales is conferred by statute. Section 4329, Crawford & Moses' Digest. Defendants also allege that the property sold for a grossly inadequate price.

Mary B. Martin and M. Davis, owners of three of the four notes for $1,000 each, alleged that they had no knowledge of the sale, and that they relied upon Elliott, the owner of the fourth note, to notify them of the sale, and he failed to do so, and that, if they had been aware of the sale, they would have bid enough for the property to protect their interests. They also alleged that the sale was for a grossly inadequate price.

The purchaser at the sale intervened in the court below, and has appealed from the finding and decree of the court refusing to confirm the commissioner's sale to him.

In refusing to confirm the report of sale the court made the finding of fact that the property had been sold for a grossly inadequate price, and that on a resale the property would bring at least three thousand dollars. This finding is abundantly supported by the testimony.

The court also found that the notice of sale was published in a paper not having general circulation in the Fort Smith District of Sebastian County, and that defendants had no notice of the sale. We are of the opinion that the testimony in the record before us does not support the finding that the newspaper did not have general circulation, but does support the finding that defendants did not have notice of the sale.

In the early case of *Brittin* v. *Handy,* 20 Ark. 381, it was said that "we understand the rule to be, in reference to judicial sales, that in the absence of all fraud and unfairness, mere inadequacy of price, however gross, does not invalidate the sale," and this court has many

times since ordered the confirmation of sales where the showing only had been made that the property had been sold for a grossly inadequate price.

We concur in the conclusion of the chancellor that the commissioner's report should not be confirmed, but not for the reason stated by him. This, however, is not of controlling importance, as we try the case here *de novo*. The inadequacy of the price, and the fact that the property will bring much more upon a resale, did not authorize the relief granted. The finding that the newspaper in which the notice of sale was published did not have a general circulation in the Fort Smith District of Sebastian County would, if supported by the testimony, warrant the action of the court, for in such case the defendants would not have had the notice contemplated by law. But neither exceptor raised such objection, and we do not think the testimony supports that finding of fact. *Smith* v. *First National Bank of DeWitt,* 119 Ark. 235, 177 S. W. 895.

We are of the opinion, however, that the directions of the court in the decree of foreclosure as to the manner of sale might have confused prospective purchasers, and thus have affected the price for which the property was sold, and this fact, in conjunction with the grossly inadequate price at which the property sold, warranted the court in refusing to confirm the sale. As we have said, sales under executions or attachments are subject to redemption, and the directions of the decree in this respect are confusing. While confirmation of judicial sales will not be denied for inadequacy alone, yet, where there is gross inadequacy, the courts seize upon slight additional circumstances which render confirmation inequitable and therefore deny that relief. *Stevenson* v. *Gault,* 131 Ark. 397, 199 S. W. 112; *Moore* v. *McJudkins,* 136 Ark. 292, 206 S. W. 445.

We concur in the conclusion of the chancellor that the sale should not be confirmed, and that decree is therefore affirmed.