BAKER *v.* ADAMS.

4-5503                                            129 S. W. 2d 597

Opinion delivered June 5, 1939.

*R. W. Tucker,* for appellant.

*Chas. F. Cole* and *Dene H. Coleman,* for appellee.

SMITH, J.  Owners of real property within Independence County Bridge District No. 1, of Independence county, brought suit to restrain the commissioners of the district from collecting the 1937 taxes assessed against the real property within the district, and alleged that the revenues which would thus be derived were not required to meet the obligations of the district.  The final decree rendered in that cause dissolved a temporary restraining order, and denied the relief prayed.  That action was based upon the deposition of C. A. Barnett, chairman of the board of commissioners of the improvement district, to the effect that the district had on hand, cash, $17,-

533.43, and the warrant of Independence county "of about $1,750," and that there were outstanding unmatured bonds amounting to $149,000, which, with the interest accruing until the maturity of the bonds, would amount to $207,000. As to the revenues to discharge this obligation he testified "That there will be due July 1, 1937, $11,725, being $8,000 in bonds and $3,725 interest; January 1, 1938, there will be due $3,525 interest; July 1, 1938, there will be due $8,000 of bonds and $3,525 interest, a total of $11,520, or a grand total of $26,775. This last payment will have to be available about ten days before July 1st."

Upon this showing the court very properly denied the relief prayed, but this decree did not become final. There was a motion for rehearing, which was considered and disposed of by the court. Thereafter there was entered what is called an "Agreed Judgment," which modified the decree in respect to the adjudication of the costs of the suit. The decree was later still further amended in that respect, this last amended decree having been rendered April 2, 1937.

The proceeding was apparently treated as still pending when, on September 1, 1938, the commissioners filed a pleading, in which they alleged that the 1937 taxes, which had then been collected, were not then required to meet the obligations of the district. These were the taxes the collection of which the court had refused to enjoin. The decree rendered upon this pleading is to the effect that the 1937 taxes, which had been collected, were not required to meet the obligations of the district, and it was adjudged that those taxes be refunded to the persons who had paid them.

It appears that when the improvement district was formed Independence county had obligated itself to make an annual contribution to the district of $5,000. The county filed its intervention in the first proceeding, in which it alleged that its fiscal condition made the continued contribution impossible, although it had delivered its warrant to the district, which Mr. Barnett had stated was for "about $1,750."

The second decree directed the refund of this contribution to Independence county, and directed the commissioners to retain ''$500 of its funds for future incidental expenses, and that the remainder of all funds of said district be paid and distributed by the commissioner heretofore appointed.'' The commissioner of the court was directed to pay all current bills, expenses and court costs then due and owing by the district, and to refund to the taxpayers all taxes paid for the year 1937, and that, when the distribution was made, one-half of the balance then remaining be paid to Independence county and the other one-half be retained by the court commissioner as a fee for all his expenses in carrying out the provisions of the decree as such commissioner in chancery, that sum being by the court determined to be a reasonable fee for such services and expenses.

Thereafter the commissioner appointed by the court made a report of his proceedings under the decree, which recites a refund to Independence county of $1,578.77, and the payment to himself of a similar amount.

Edgar Baker, owner of property within the improvement district, was and is the clerk of the chancery court wherein these proceedings were had. As a property owner he filed exceptions to the commissioner's report. These exceptions raised the objections that the tax revenues are required to discharge the obligations of the district, amounting to about $140,000, and that the fees paid the commissioner are excessive. The exceptor has appealed from the decree ordering the return of the 1937 taxes, and from the refusal of the court to sustain his exceptions to the commissioner's report.

The source from which the improvement district derived the funds with which to meet its obligations due at the time of the rendition of the decree here appealed from is stated *in extenso* in the recent opinion in the case of *Sebastian Bridge District* v. *State Refunding Board,* 197 Ark. 790, 124 S. W. 2d 960, and will not again be reviewed. We copy the following statement of fact from that opinion: ''Independence County Bridge District had 1938 principal and interest maturities of $11,525.

Cash on hand and with the chancery clerk was $11,923.87. The state's payment was $11,525.''

There are two bridge improvement districts in Independence county and each appears to be numbered 1, but they are otherwise distinguished by their names, and the language just quoted applies to the district here involved.

The state has, as a matter of grace, furnished the Independence County Bridge District the money to pay its 1938 maturities, and there was, therefore, no reason why the taxpayers should not have been awarded the relief which the state's donation was intended to afford. It was not error, therefore, for the court to award the refund of the 1937 taxes collected in the year 1938. If, for any reason, the state's gratuity should not take care of and be sufficient to pay future maturities, then, of course, taxes could and must be collected to discharge the contractual obligations of the district.

It is insisted that the fee allowed the commissioner was grossly excessive, and it certainly appears to have been very liberal. However, this was a matter within the discretion of the court, which we are reluctant to reverse for two reasons. The first is that the record before us does not show just what labor was required to secure the addresses of the taxpayers, of whom there were many hundreds, and the expense incident to the refund. The second reason is that the appellant landowner has accepted the benefits of the decree. It is not questioned that exceptor's taxes were refunded, and the general rule is that one may not accept the benefits of a decree and question its validity. *Morgan* v. *Morgan*, 171 Ark. 173, 283 S. W. 979.

Appellant insists that this rule should not be applied to him, for the reason that he accepted the refund under a misapprehension of the facts, the fact misapprehended being that he did not know that the taxes refunded were required to pay the obligations of the district. But, as we have herein shown, there was no misapprehension of the facts in this respect. The taxes were not required to pay the maturities. These were paid by the grace of the state.

Upon the whole case the decree does not appear to be erroneous, and it is, therefore, affirmed.