## MARSHALL v. LOCKHEAD.
### No. 2994.

Court of Civil Appeals of Texas.
Waco.
Jan. 3, 1952.

Rehearing Denied Jan. 24, 1952.

W. H. Hall, E. P. Bryan, Dallas, for appellant.

Allen Melton, Thomas Burrus, Dallas, for appellee.

HALE, Justice.

Appellant sued appellee to set aside a prior judgment rendered in a former suit for the collection of delinquent taxes and to recover the title and possession of a certain lot sold and conveyed to appellee under an order of sale issued on the judgment in the prior tax suit. The present case was tried before the court below without a jury and resulted in judgment that appellant take nothing.

Appellant says the judgment in the tax suit was invalid and void in so far as he is concerned, because he was not served with citation and did not enter any appearance in the former suit, and hence he insists the Court did not acquire jurisdiction over his person. On the other hand, appellee says the judgment was not void and hence is not subject to collateral attack in this suit, and that appellant, by accepting the benefits accruing to him under the same, is estopped from asserting in this suit that such judgment is void or invalid.

The record before us discloses that on May 10, 1945, a final judgment was rendered in the 44th Judicial District Court of Dallas County, whereby the court found the amount of delinquent taxes, penalties and interest due and owing to the State of Texas and certain of its political subdivisions by reason of the ownership of the

two lots therein described, being hereafter referred to as Lots 6 and 18. The judgment recites that defendants, C. B. Marshall and wife, Isabelle Marshall, had been duly cited in terms of law to appear but had wholly made default. The court found the amount of taxes, penalties and interest due against each of the two lots, decreed a foreclosure of the tax lien on each lot as against the defendants and directed that an order of sale be issued for each lot.

In pursuance of an order of sale issued on the above judgment, the sheriff of Dallas County sold Lot 6 to one George A. Harnack on July 3, 1945 for the sum of $1160.00. Of this amount the sum of $530.59 was paid to the State of Texas and others in satisfaction of the taxes due on Lot 6, and the balance thereof in the sum of $626.41 was paid into the registry of the court for the former owner of said lot. Thereafter, on April 6, 1948, C. B. (Bruce) Marshall, the appellant herein, applied to the 44th Judicial District Court for an order granting him permission to withdraw such excess money from the registry of the court as the former owner of Lot 6. The court granted the application, appellant withdrew said sum of $626.41 from the registry of the court, appropriated the same to his own use and benefit, and he has not returned or offered to return the same, or any part thereof, into court. In pursuance of another order of sale issued on the above judgment, the sheriff of Dallas County sold and conveyed Lot 18 to appellee and it is this lot which appellant seeks to recover in the present suit.

In our opinion, the trial court did not err in rendering judgment that appellant take nothing by this suit. In the leading case of Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 328, the Supreme Court of Texas said: "Where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect the property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attack, the judgment is held valid."

Furthermore, it is generally held upon sound principles of equity that one who accepts and retains the fruits of a judgment is estopped thereafter to assert its invalidity. 31 Am.Jur. 92, Sec. 432; 49 C.J.S., Judgments, § 453, p. 884; 17 T.J. p. 135, Sec. 7. This just rule applies to cases where the asserted invalidity arises from a lack of jurisdiction of the court over the person of a party to the suit. Therefore, even though the C. B. Marshall who was served with citation in the tax suit here involved was not in fact the same person as the appellant in this cause, nevertheless it appears to us that the appellant herein, by reason of his conduct in procuring and retaining the sum of $626.41 paid into the registry of the court under the judgment rendered in the tax suit, conclusively estopped himself from successfully asserting in this suit that the tax judgment or either of the sales emanating therefrom was void or invalid. Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447; Id., Tex.Com.App., 60 S.W.2d 1031; Lunt v. Lunt, Tex.Civ.App., 121 S.W.2d 445 (er. dis.); Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578; Compton v. Jesup, 167 U.S. 1, 17 S.Ct. 795, 42 L.Ed. 55; Wilson et al. v. Union Electric Light & Power Co., 8 Cir., 59 F.2d 580; Burgess v. Nail et al., 10 Cir., 103 F.2d 37; Trapp v. Off, 194 Ill. 287, 62 N.E. 615; Morgan v. Morgan, 171 Ark. 173, 283 S.W. 979; Arthur v. Israel, 15 Colo. 147, 25 P. 81, 10 L.R.A. 693.

Consequently, all of appellant's points of error are overruled and the judgment appealed from is affirmed.