JONES, *et al. v.* ROGERS, TRUSTEE, *et al.*

5-165                                   261 S. W. 2d 649

Opinion delivered October 26, 1953.

*Talley & Owen, Dean R. Morley* and *Norman D. Price,* for appellant.

*Harry E. Meek* and *H. B. Stubblefield,* for appellee.

ED. F. MCFADDIN, Justice.   The appellants, Jones and Fields, were the highest bidders at a Commissioner's sale of real estate, conducted under the terms of a fore-closure decree of the Pulaski Chancery Court.   When the sale was reported, the Court, by order of April 2, 1953, refused to confirm the sale; and appellants claim that the Court acted arbitrarily in refusing confirmation.[1] We have grave doubts as to whether the appellants have sustained their claim, that the Chancery Court acted ar-bitrarily; but we need not, and do not, discuss that ques-tion, because there is another issue which is fatal to the appellants' appeal: and that is the point of waiver, which we now discuss.

---

[1] We have many cases holding that the purchaser at a foreclosure sale can appeal from the order refusing confirmation.   Some of our cases in which such appeal was taken are *Hinton* v. *Elliott,* 187 Ark. 907, 63 S. W. 2d 633; and *George* v. *Norwood,* 77 Ark. 216, 91 S. W. 557.

The foreclosure sale was held on March 18, 1953, and appellants were the highest bidders, at the figure of $34,500.00. On the same day, the Court made an order permitting these appellants, in lieu of giving bond "with good surety,"[2] to make their personal bond without surety for the amount of the bid, provided the appellants would deposit (which they did) with the Commissioner, the sum of $5,000.00 in cash to apply on the bid if the report should be finally approved. The said order of March 18, 1953, further provided:

". . . but in the event said Commissioner's sale to them is not confirmed by the Court, then said $5,000.00 shall be returned to said Herbert J. Jones and Leon P. Fields without any deductions therefrom and their bond cancelled."

The Commissioner's report of sale was heard by the Chancery Court on April 2, 1953, and after hearing the objections, the Court refused to confirm the report of sale and ordered a re-sale. This order of April 2, 1953, contained this language:

"It is further ordered that the sum of Five Thousand Dollars ($5,000.00) paid to the Commissioner of this Court by said Herbert J. Jones and Leon P. Fields in connection with their bid on March 18, 1953, be returned to them upon request, and that their bond filed herein be and the same is hereby cancelled; . . . And said high bidders, Herbert J. Jones and Leon P. Fields, at the time excepted, asked that their exceptions be noted of record and prayed an appeal to the Supreme Court of Arkansas which appeal is hereby granted."

The appellants perfected their appeal to this Court on April 23, 1953, without making any supersedeas or other bond; and then on June 2, 1953, *withdrew the* $5,000.00 that they had deposited with the Commissioner, and at the same time, endorsed on the margin of the said order of April 2, 1953 (being the order from which they are now attempting to appeal), the following:

---

[2] Section 51-1109, Ark. Stats., contains the quoted language.

"Received of Arline Turner, Clerk, check for $5,-000.00 this June 2, 1953, as set out in this order.

/s/ Leon P. Fields,

/s/ Herbert J. Jones."

By certiorari the appellees have brought before us the foregoing endorsements,[3] and now ask us to dismiss the appeal on the theory that the appellants, by withdrawing the said $5,000.00 deposit, have accepted the benefits of the order of April 2, 1953, and thereby lost all rights to challenge the said order. We hold that the said motion to dismiss should be granted. We have a number of cases recognizing that when an appellant accepts a portion of a challenged order inconsistent with his appeal, he thereby waives his appeal. Some such cases are *Bolen* v. *Cumby*, 53 Ark. 514, 14 S. W. 926; *Cranford* v. *Hodges,* 141 Ark. 587, 218 S. W. 185; *Wolford* v. *Warfield,* 170 Ark. 82, 278 S. W. 639; *Hutton* v. *Pease,* 190 Ark. 815, 81 S. W. 2d 21; *Baker* v. *Adams,* 198 Ark. 482, 129 S. W. 2d 597; *Morgan* v. *Morgan,* 171 Ark. 173, 283 S. W. 979.

There are cases which have allowed an appeal to be prosecuted when the appellant, in accepting benefits under the challenged decree, has accepted only those which would come to him regardless of the decision, and when the part of the decree accepted is independent of the part challenged on appeal. Some such cases are: *Kelley* v. *Laconia Levee Dist.,* 74 Ark. 202, 85 S. W. 249, 87 S. W. 638; and *McCown* v. *Nicks,* 171 Ark. 260, 284 S. W. 739, 47 A. L. R. 332. But these last cited cases are not applicable to the case at bar, as we now demonstrate: when appellants made their bid of $34,500.00 on March 18, 1953, the law required that they make a ". . . bond, with good surety, to be approved by the person making the sale . . .". (See § 51-1109

---

[3] In *Bolen* v. *Cumby,* 53 Ark. 514, 14 S. W. 926, we approved the practice of this Court receiving "evidence *dehors* the record to establish the fact that the appellant has waived the right to prosecute the appeal; . . ." We further said that where the undisputed facts establishing the waiver are thus adduced to this Court, it is proper to dismiss the appeal.

Ark. Stats.)[4]  To avoid the making of the statutory bond, the appellants, with the permission of the Court, granted the same day, gave only their personal bond secured by a cash deposit of $5,000.00.  The Court order of April 2, 1953 (here challenged), gave the appellants the right to withdraw the $5,000.00 cash; and, when they did so withdraw the money on June 2, 1953, there were left no secured bond, or any·kind of supersedeas.  Ever since June 2, 1953, appellants have enjoyed the possession and use of the $5,000.00, which· benefits came to them only by reason of the order of April 2nd, because without such order they could not have withdrawn the money.  Thus, when appellants withdrew the money, they accepted a benefit entirely inconsistent with their appeal.

It is clear that under the authority of *Cranford* v. *Hodges,* 141 Ark. 587, 218 S. W. 185, and the other cases hereinbefore cited, this appeal must be dismissed; and it is so ordered.

Mr. Justice GEORGE ROSE SMITH not participating.

---

[4] The appellants were not parties plaintiff with the right to credit any judgment on the bid, as is sometimes provided in foreclosure decrees.