ARK. STATE HIGHWAY COMM. v. MARLAR.

5-2927                                     366 S. W. 2d 191

Opinion delivered April 1, 1963.

[Rehearing denied May 6, 1963.]

*Dowell Anders, Thomas B. Keys,* for appellant.

*Graves & Graves,* for appellee.

SAM ROBINSON, Associate Justice. The Arkansas State Highway Commission filed this suit to enjoin appellee, Steve Marlar, from interfering with the Commission in removing shade trees and building a road on property in which Marlar owns the fee. The Chancery Court issued the injunction, but as a condition required the Commission to make a bond in the sum of $10,000.00.

On appeal the Commission contends that the Chancellor erred in requiring the bond. The Complaint herein was filed on June 12, 1962; the matter was set for hearing and heard on June 22, 1962. The appellee had filed no pleading at the time of the hearing. The statutory time in which a pleading could be filed had not expired.

It developed at the hearing that a county court order had been entered in 1958 condemning for highway purposes the property involved in this proceeding; and that another court order was entered in January, 1962 condemning the same property. The Chancellor did not reach the merits of the case, but simply required the Highway Commission to make a bond to protect the property owner in the event it should develop at a hearing on the merits that he was entitled to recover damages. It may develop that Marlar is bound by the 1958 order; that he filed no claim within a year and is not entitled to recover damages. On the other hand, it may be that Nevada County or the Highway Commission will have to reimburse him for damages sustained by the taking under the 1962 order.

Appellant made the required bond, thereby putting the restraining order into effect and has, therefore, accepted the benefits of the decree. Presumably, the shade trees have been removed, the road has been widened, and Marlar has suffered all the damages he will ever suffer by reason of the restraining order having been issued. In these circumstances, by making the bond the appellant is estopped to say that the Court erred in requiring the bond.

The general rule is that one cannot accept the benefits of a decree and question its validity. *Baker* v. *Adams,* 198 Ark. 482, 129 S. W. 2d 597; *Mathis* v. *Litteral,* 117 Ark. 481, 175 S. W. 398; *Bolen* v. *Cumby,* 53 Ark. 514, 14 S. W. 926. In 2 Am. Jur. 974 it is said: "The general rule . . . is that a litigant who has, voluntarily and with knowledge of all the material facts, accepted the benefits of an order, decree, or judgment of a court, cannot afterwards take or prosecute an appeal or error proceeding to reverse it."

In the case at bar, appellant could not have gone on the property and destroyed the shade trees and widened the road, pending appeal, without making the bond as provided in the court order, which the appellant chose to do. In these circumstances, appellant is now estopped to say that the Court erred in requiring the bond.

The appeal is dismissed.

McFADDIN, J., not participating.