Julius N. DeLAUGHTER et al *v.* W. R. BRITT

5-4256                                                   418 S. W. 2d 638

Opinion delivered September 18, 1967
[Rehearing denied October 16, 1967.]

*R. D. Rouse,* for appellants.

*Hugh Lookadoo,* for appellee.

PAUL WARD, Justice. This litigation grew out of two written lease agreements (covering a period of fourteen years) wherein the (alleged) owners gave W. R. Britt (appellee) the right to use a total of 445 acres of land for farm and ranch purposes. Since the leases and the ensuing legal proceedings are somewhat lengthy and complicated, we summarize below, for a better understanding of the issues involved, the pertinent and undisputed facts.

(a)  The first lease, dated January 6, 1956, was from Julius N. DeLaughter and his wife Lois DeLaughter (appellants) as lessors to appellee as lessee. In paragraph 10 of the lease appellants warranted that they were the absolute owners of all the 445 acres of land and that they would hold appellee harmless "against the unlawful claims of any and all persons". (b) Later, during this litigation, it was revealed that appellants had title to only thirty acres and that the remaining 415 was owned by their minor son Julius N. Jr. who is an Intervenor herein. By the terms of the first lease it was to terminate on December 31, 1960 but it continued, by oral agreement, until a second lease was executed on April 14, 1964. (c) The second lease was executed by the same parties as the first and contained the same warranty of title, and, with few minor exceptions, the terms of the two leases were the same.

*Pleadings and Issue.*  We deem it sufficient at this point to summarize the twelve separate pleadings filed in the Chancery Court, following an alleged breach of

the lease by appellee. (a) On December 18, 1965 appellants asked the court to enjoin appellee from interfering with their sale of gravel located on the land. On January 18, 1966 they amended the pleading, and asked the court to cancel the second lease and give them possession of the property. (b) Appellant answered, denying any breach of the lease contract, asked for peaceful possession of the land, and asked that appellants be enjoined from selling gravel during the term of the lease. Then each party filed another amended pleading relative to the same issues. (c) On February 2, 1966 the minor (by his mother as next of kin) filed an Intervention, alleging that he was sixteen years old, and that he was the owner of all the land except thirty acres belonging to his parents—appellants. His prayer was that the lease be cancelled, that he be given immediate possession, and that he recover from appellee the rental value of his 415 acres of land. (d) In his answer appellee denied Interpleader was the owner of the land. Appellee also filed an amendment to his original answer and a cross-complaint against appellants setting out the warranty clause and alleging payments of rent to them, and asked the court, in event it was decided Intervenor was the true owner, that he recover against appellants $1,500 for rents paid and $5,000 for damages suffered for breach of warranty in the leases.

*Decree.* After a lengthy hearing (during which time the trial court made a personal inspection of the premises) and after the court had made detailed findings of facts, it entered, in substance, the following decree:

(a) Appellee is not to interfere with appellants' removal of gravel from the thirty acre tract, but they shall not damage the portion maintained by appellee as a meadow.

(b) Intervenor is awarded judgment against appellee in the sum of $6,150 with interest at 6 % from date of decree.

(c) Appellee is awarded judgment against appellants in the sum of $6,150 BUT ONLY after he has fully satisfied the judgment in favor of Intervenor —then the judgment in favor of appellee to bear 6% interest.

Appellants and Intervenor now prosecute this appeal, urging the points hereafter considered.

*One.* Intervenor urges that the court failed to allow interest on his judgment from January 1, 1956— the date when he was first deprived of the use of his land. For reasons presently stated, we are unable to grant any relief under this point.

The record discloses that on the margin of Intervenor's recorded judgment there appears this notation: "Judgment in favor of Intervenor, Julius N. DeLaughter, Jr., in the sum of $6,150 paid and satisfied in full this 23rd day of August, 1966. R. D. Rouse, attorney of record for Intervenor." Thus, the Intervenor has already accepted the benefits of the decree and therefore cannot question its validity on appeal. It was so held in *Ark. State Highway Comm.* v. *Marlar*, 236 Ark. 385, 366 S. W. 2d 191; *Baker* v. *Adams*, 198 Ark. 482, 129 S. W. 2d 597, and; *Jones et al* v. *Rogers, Trustee, et al*, 222 Ark. 523, 261 S. W. 2d 649.

*Two.* We find no merit in appellants' contention that appellee's "pleadings do not justify the judgment rendered in his favor against appellants". As pointed out heretofore, in appellee's amended answer [page 26 of the Record], he alleged damages in the amount of $6,500, and prayed judgment against appellants for said amount. Also, if the pleadings were not explicit the trial court had the right, without objection, to treat the pleadings as amended to conform to the proof. *Callahan* v. *Farm Equipment, Inc.*, 225 Ark. 547, 283 S. W. 2d 692.

*Three.* Likewise we find no merit in appellants' argument that appellee was not entitled to damages

against them because they and appellee were *Pari Delicto,* [equally at fault] in dealing with lands which belonged to Intervenor. Conceding for the sake of argument that appellee knew when the leases were signed that most of the land belonged to appellants' minor son [a fact not clearly shown by the Record], we cannot disregard the fact that paragraph ten of the first lease and paragraph eleven of the second lease contain identical language which reads:

> "Lessors warrant that they have an absolute and indefeasible title to said lands and warrant that they will, during the term hereof, defend the title to said lands and *hold harmless* said Lessee against the lawful claims of *any and all persons* or parties Whomsoever or whatsoever." [*Emphasis added.*]

*Four.* Finally it is contended by appellants that the trial court erred in finding the fair rental value of the thirty acres was $30 per year.

This is a fact question to be decided by the weight of the evidence disclosed by the record. We have read the record relating to this issue and are unwilling to say the finding of the trial court is against the weight of the evidence. We find no convincing testimony as to the rental value, however the value fixed is comparable to the value placed on all the land by the terms of the lease—$500 a year for 445 acres. We also take note that the trial court, before fixing this value, made a careful, personal inspection of the lands.

Affirmed.

SMITH, BROWN & FOGLEMAN, JJ., dissent.

LYLE BROWN, Justice, dissenting in part. I would modify the judgment of the trial court in one respect. I think the minor is entitled to interest on the rent monies due him, calculated on the basis of each annual

due date. Ample authority for this conclusion is cited in Justice Fogleman's dissent and is not here repeated.

JOHN A. FOGLEMAN, Justice, dissenting. I must respectfully dissent from the decision and opinion of the majority.

In treating what they designate as appellants' Point One, I feel that they have misapplied the very wholesome doctrine that one who has accepted benefits of a judgment or decreee cannot question the validity thereof. The validity of the judgment was not questioned by the minor appellant. He only contended that he was entitled to a greater amount in that the court failed to include in the damages for detention of his property interest on the amount found to be the annual fair rental value thereof. There was no cross-appeal as to the amount of these damages. His appeal could have only resulted in either an affirmance as to this amount or an increase and there was no hazard of a reduction of the amount of his recovery.

There is no doubt that the acceptance of benefits of a decree which are inconsistent with the relief sought on appeal bars the appeal and requires its dismissal. In addition to cases cited in the majority opinion, see *Wolford* v. *Warfield,* 170 Ark. 82, 278 S. W. 639; *Mathis* v. *Litteral,* 117 Ark. 481, 175 S. W. 398 and *Anderson* v. *Anderson,* 223 Ark. 571, 267 S. W. 2d 316. The same rule applies when the benefits accepted can only be enjoyed by abiding by the judgment of the court. *Stanley* v. *Dishough,* 50 Ark. 201, 6 S. W. 896. The doctrine does not apply, however, when the benefit accepted is not inconsistent with the claim asserted by appellant on appeal. *M. H. McCown* v. *Nicks,* 171 Ark. 260, 284 S. W. 739; *Bass* v. *John,* 217 Ark. 487, 230 S. W. 2d 946; *Kelley* v. *Laconia Levee Dist.,* 74 Ark. 202, 85 S. W. 249; *Cranford* v. *Hodges,* 141 Ark. 587, 218 S. W. 185. The rule is well stated in an early case, *Bolen* v. *Cumby,* 53 Ark. 514, 14 S. W. 926, frequently cited in later cases, in these words:

"* ** Again, a party may prosecute his appeal from a judgment partly in his favor and partly against him even after accepting the benefit awarded him by the judgment, provided the record discloses that what he recovers is his in any event."

The acceptance of an amount less than appellant contends is due him is an estoppel against his appeal only when, by seeking to gain more by the appeal, he risks a smaller recovery on reversal. *Coston* v. *Lee Wilson & Co.*, 109 Ark. 548, 160 S. W. 857. See also, *Jones* v. *Hall*, 136 Ark. 348, 206 S. W. 671 and *Gate City Bldg. & Loan Ass'n.* v. *Frisby*, 177 Ark. 252, 6 S. W. 2d 537.

The acceptance by appellants of a credit on a judgment against them for an amount becoming due them from an appellee after the rendition of the decree awarding the judgment was held not to be inconsistent with their appeal on which they only contended that they had not been allowed sufficient credits in arriving at the amount of the judgment. *Poe* v. *Walker*, 183 Ark. 659, 37 S. W. 2d 866. A wife challenging a decree of divorce in her favor for failure to award her certain personal property and because it placed a time limit on monthly alimony payments was not estopped to prosecute her appeal by acceptance of the monthly alimony payments provided in the decree where there was no cross-appeal questioning the amount of alimony to be paid each month. *McIlroy* v. *McIlroy*, 191 Ark. 45, 83 S. W. 2d 550.

This appeal, being a trial de novo to decide whether interest should have been included in the junior DeLaughter's damages, could not have resulted in the recovery of a smaller amount on reversal, so appellant was not estopped to appeal.

There is another reason why the son's appeal is not barred. This appellant is a minor and subject to the disabilities of minority. An estoppel is not operative against one under legal disability. *Wood* v. *Terry*, 30

Ark. 385; *Tobin* v. *Spann,* 85 Ark. 556, 109 S. W. 534; *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395 and *Arkansas Reo Motor Car Co.* v. *Goodlett,* 163 Ark. 35, 258 S. W. 975.

The language of the opinion of this court in *Hart* v. *Wimberly,* 173 Ark. 1083, 296 S. W. 39, is particularly appropriate here. The probate court had ordered the sale of lands of a decedent for payment of his debts. The property constituted the homestead of his minor children. Two of them accepted their share of the proceeds of sale remaining after the payment of his debts. There it was said:

> "Neither can the doctrine of estoppel be invoked by appellant from the fact that while yet minors two of them were paid their share of the money left from the sale of the homestead after paying the debts, and deposited with the clerk by the administrator. It would be a weak safeguard of the minor's homestead rights, if the constitutional and statutory protection thrown around such rights could be destroyed by estoppel as is claimed here."

The damages to which this appellant is entitled are those which would be due to a landowner from a trespasser. The measure of damages for appropriation of the use of land by a continuing trespass is the worth of the use of the property. *Combs* v. *Lake,* 91 Ark. 128, 120 S. W. 977 and *Quality Excelsior Coal Co.* v. *Reeves,* 206 Ark. 713, 177 S. W. 2d 728.

The worth of use of this type of land is its fair rental value. *Quality Excelsior Coal Co.* v. *Reeves, supra.* The rule has been recognized in Arkansas for a long time that the measure of damages to the owner for lands wrongfully withheld is the rental value of the land, if it has such value. *Jacks* v. *Dyer,* 31 Ark. 334; *McDonald* v. *Kenney,* 101 Ark. 9, 140 S. W. 999; *Crowell* v. *Seelbinder,* 185 Ark. 769, 49 S. W. 2d 389. As a part of the damages, the minor appellant was entitled to in-

terest calculated from the end of each year to the date of judgment. *Nunn* v. *Lynch* (on rehearing), 89 Ark. 41, 115 S. W. 926; *McDonald* v. *Kenney, supra,* and *McDonald* v. *Rankin,* 92 Ark. 173, 122 S. W. 88. The minor landowner was entitled to have this interest added to the rental value for each year and I would remand the case for this addition to the judgment in his favor.

As to Point Two, I agree that the pleadings are sufficient to form a basis for judgment in favor of appellee against the adult appellants who were parents of the minor appellant and who are appellants here.

Where the right to recovery necessarily follows as a consequence of the decision of the court upon the allegations of a complaint, recovery may be had under the general prayer for relief. *Cunningham* v. *Ashley,* 16 Ark. 181. In chancery practice, where there is a prayer for specific relief and a prayer for general relief, if the state of the case as presented by the bill should not be sustained in evidence or the court should, upon principles of equity, refuse the specific relief, it may, notwithstanding, give to the complainant under his general prayer any relief warranted by the facts set forth in his bill, if the latter is framed to put the facts in issue so that there is no surprise to the adverse party. *Cook* v. *Bronaugh,* 13 Ark. 183; *Kelly's Heirs* v. *McGuire,* 15 Ark. 555; *Ross* v. *Davis,* 17 Ark. 113; *Shields* v. *Trammell,* 19 Ark. 51; *Chaffe & Bros.* v. *Oliver,* 39 Ark. 531; *Albersen* v. *Klanke,* 177 Ark. 288, 6 S.W. 2d 292; *Morgan* v. *Scott-Mayer Comm. Co.,* 185 Ark. 637, 48 S. W. 2d 838, and *Grytbak* v. *Grytbak* (on rehearing), 216 Ark. 674, 227 S. W. 2d 633. Even the omission of a prayer is not fatal if the relief to which a party is entitled is apparent from the allegations of the pleadings. *Sannoner* v. *Jacobson & Co.,* 47 Ark. 31, 14 S. W. 458. If an issue is made by the pleadings and proof directed thereto, the complaint should not be dismissed but the prayer should be treated as amended to conform to the relief justified by the facts. *Ashley* v. *Little Rock,* 56 Ark. 391, 19 S. W. 1058 and *Waterman* v. *Irby,* 76 Ark. 551, 89 S. W. 844.

The first argument advanced by these appellants on this point is based on the failure of appellee to specifically pray for judgment over against them for any amount for which judgment was awarded the minor appellant. The pleading filed by appellee, however, alleged that if the lease be set aside that he should have judgment against the adults for $1,500.00 for repayment of rent, attorney's fees and costs and damages for the loss of the pasture in the amount of $5,000.00. Prayer was for judgment for $6,500.00, plus attorney's fees and costs and "for all other just and proper relief." While appellee was in error as to the measure of his recovery, he did put in issue his right to recover for his loss under the indemnity clause in the lease between the parents and appellee. I do not see how appellee could have been surprised by the proof and the judgment granted.

In another respect, however, the judgment was erroneous in that the maximum *amount* of recovery is limited to the *amount* set out in the complaint and it is error to render judgment for a greater amount. *Hudspeth & Sutton* v. *Gray, Durrive & Co.*, 5 Ark. 157; *White* v. *Cannada*, 25 Ark. 41; *Cohn* v. *Hoffman*, 45 Ark. 376 (damages in ejectment); *Western Union Telegraph Co.* v. *Byrd, Admx.*, 197 Ark. 152, 122 S. W. 2d 569; *Turner* v. *Smith*, 217 Ark. 441, 231 S. W. 2d 110 (chancery case); *Thudium* v. *Dickson*, 218 Ark. 1, 235 S. W. 2d 53; *Arkansas Power & Light Co.* v. *Murry*, 231 Ark. 559, 331 S. W. 2d 98; *Abel of Arkansas, Inc.* v. *Richards*, 236 Ark. 281, 365 S. W. 2d 705. For this reason I would reduce the judgment in favor of appellee to $6,500.00, if the judgment itself were not erroneous and void for still another reason.

The decree rendered provided that appellee have judgment against the adult appellants after, and only after, he had fully satisfied the judgment against him by the intervenor, their son. Such a decree is without authority of law and void. *Bank of Commerce* v. *Goolsby*, 129 Ark. 416, 196 S. W. 803. Judgments take their

validity from the action of the court on existing facts and not from what may happen in the future after the court has rendered its judgment. *Brotherhood of Locomotive Firemen and Enginemen* v. *Simmons*, 190 Ark. 480, 79 S. W. 2d 419.

This is not to say that appellee has no right of recovery against the senior DeLaughters, either in this action or a subsequent one. The void contingent judgment should be reversed, however, and the cause remanded for further proceedings. In all other respects I concur with the majority.

I am authorized to state that George Rose Smith, J., joins in this dissent.