## JONES v. HALL.

### Opinion delivered November 18, 1918.

1. APPEAL AND ERROR—ESTOPPEL—INCONSISTENT POSITION.—A party is estopped to appeal from a judgment where he has accepted the amount awarded to him by the judgment if by taking such appeal he incurs the hazard of recovering less than the amount of the judgment.

2. SAME—JUDGMENT APPEALED FROM.—An appeal from a judgment in general terms is an appeal from the entire judgment.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; reversed.

### STATEMENT OF FACTS.

This suit was instituted by the appellees against appellant to foreclose a vendor's lien on a house and lot in the city of Hot Springs. Appellees alleged that the property was sold to appellant for the sum of $1,700; that the sum of $500 was paid in cash, and that the balance was to be paid in semi-annual installments of $60 each; that there was a balance due on the purchase price, including principal and interest, taxes and insurance, in the sum of $508.61, for which they asked judgment. The appellant answered, denying that she was indebted to the appellees, and alleged that the building on the lot purchased by appellant from the appellees had been destroyed by fire; that the loss was covered by policies of insurance in the sum of $1,000 payable to the appellant and to appellee, J. H. Hall, as his interest might appear; that the appellee, J. H. Hall, had collected on the policies the sum of $1,367.48 which exceeded her indebtedness to the appellees.

The appellant made her answer a cross complaint, and alleged that, after she made payments on the contract aggregating $800, the appellees procured one Stray Waddell to destroy the house on the lot which caused a failure of the consideration. She also alleged that the consideration had failed because of an erroneous description of the property. She tendered a deed reconveying the land to the appellees by a correct description and

prayed that the sale be cancelled and that she be given a personal decree against the appellees in the sum of $800 with interest. She later filed an amendment to her answer and cross-complaint in which she alleged that on the 24th day of July, 1916, she had obtained a judgment against the appellees in the circuit court of Hot Springs County for $800; that appellees had appealed from that judgment to the Supreme Court; that, unless the judgment was reversed by the Supreme Court, the appellees would be indebted to her in the sum of $800; that she would be entitled to have said judgment, if affirmed, set off against any sum that might be awarded the appellees in their action against her. She prayed that if the court rendered a decree against her .she might set off against the same her judgment against the appellees, and she prayed for all proper relief.

The appellees answered, denying specifically the allegations of the cross complaint, and alleged that appellant at the time the insurance was collected had released all claim or right to collect the sum from the insurance company, and that appellee J. H. Hall alone was entitled to sue for a recovery on the policies of insurance, but, notwithstanding that fact, the appellant had joined as plaintiff in the action of the appellee, J. H. Hall, against the insurance companies, and had joined in the allegations of the complaint wherein it was alleged, among other things, that plaintiff "had done nothing to cause the fire," by which allegation she was estopped from now claiming that the appellees had procured the property to be burned, and denied that they had procured Stray Waddell to burn the house on the lot. They alleged that the appellees were entitled to recover the amount of the insurance policies together with the penalty, costs and attorneys' fees. They alleged that if the judgment obtained by appellant against the appellees in the circuit court were affirmed, such judgment could be offset against any decree that might be obtained by the appellees in the present action. They alleged that appellant was insolvent, and that appellees had

no way of collecting any decree that might be rendered in their favor except by the sale of the property.

After hearing the testimony adduced on the above issues, the court found that the appellees had recovered judgment on the insurance policies referred to in the pleadings as follows:

| | |
|---|---:|
| On insurance | $1,000.00 |
| Interest on payment | 47.48 |
| Penalty | 120.00 |
| Attorneys' fee | 200.00 |
| | |
| Total | $1,367.48 |

that the appellees paid the $200 allowed as attorneys' fees to their attorneys, leaving in appellees' hands the sum of $1,167.48. The court ascertained the amount that was due from the appellant to the appellees at the time the insurance money was collected including principal and interest on the notes and taxes and premiums paid by the appellees and the interest thereon, and deducted from the total sum the amount collected by the appellees on insurance less the attorneys' fees as above, which left the appellant due the appellees on February 5, 1918 (the date of the decree) the sum of $325.29.

The court further found that appellant had a judgment in the Supreme Court against the appellees in the sum of $1,031.52; that execution had issued on such judgment and been placed in the hands of the sheriff; that the sheriff, on the petition of the appellees, had been enjoined from enforcing such execution; that one George W. Heard, was the assignee of such judgment; that he and the sheriff had been made parties to this suit and had entered their appearance; that the appellant and Heard through their attorney, James E. Hogue, conceded in open court that the assignment of the judgment to Heard was made subject to any judgment or set-off that the appellees might establish thereto, and consented that the judgment rendered in this cause and the judgment theretofore rendered in the Supreme Court were to be set off one against the other according to the rights of the parties.

The court further found that there was a misdescription in the deed from the appellees to appellant. The court rendered a decree in favor of the appellees against appellant for their debt and costs of suit in the sum of $378.99, and directed that this sum be set off against the judgment of the Supreme Court in favor of the appellant against the appellees in the sum of $1,031.52, and enjoined the appellants from enforcing her judgment of the Supreme Court against the appellees in a greater sum than $652.53, being the difference between the two judgments. The court also entered a decree reforming the deed from the appellees to appellant according to the correct description, and fixing the title to the lot in the appellant. From the decree thus entered the appellant duly prosecutes this appeal.

Appellees, cross-appellants, moved to dismiss the appeal on the ground that "the appellant on the 21st of February, 1918, voluntarily accepted the sum of $494, which the appellees paid to the sheriff of Garland County upon an execution issued out of this court, being the balance which the chancery court of Garland County found was due, including costs, and which appellees were forced to pay." To sustain their contention, appellees refer to the recitals of the execution docket of this court as follows: "Sheriff's return: I hereby return this execution this 18th day of February, 1918, satisfied in full, having given credit on within for the sum of $378.99, being the amount of a judgment due to W. H. Hall and J. H. Hall and against Tessie Jones, leaving a balance collected on this execution by me of $652.53. This settlement made in accordance with the decree rendered in Garland Chancery Court on the 5th day of February, 1918, a copy of which decree is hereto attached and made a part of this return. The sheriff states an account showing net amount paid by Hall of $652.53, deducts therefrom the costs as stated by him of $158.42, leaving a balance of $494.11, which amount he remits by check to W. P. Sadler, clerk. "Check endorsed by me to Jas. E. Hogue, attorney of record for Tessie Jones in case No. 4663 on Supreme Court

docket, and the order of Geo. W. Heard, assignee of said judgment. February 21, 1918. W. P. Sadler, Clerk.''

*James E. Hogue,* for appellant.

1. The suit was prematurely brought. Appellant had not forfeited her rights to the time given for the payments not due. There was nothing due when the suit was brought.

2. Four of the notes had been paid when the fire occurred, and appellant was entitled to credit for the entire sums collected from the insurance companies $1,367.48.

3. There had been no notice or declaration of forfeiture of appellant's rights under the contract and the collection of the insurance money removed every color of forfeiture. 98 Ark. 328. The complaint does not allege a forfeiture. 75 Ark. 410. Equity does not enforce a penalty or forfeiture. 95 Ark. 389; 59 *Id.* 405; 73 *Id.* 415; 123 *Id.* 90; 99 *Id.* 340.

4. The court erred as to taxes and insurance premiums. Appellant was entitled to the insurance. Hall's interest was only his right to the payment of his debt. He collected $1,367.48 and only credited $1,000. Appellees were not entitled to the damages nor the attorney's fee. K. & C. Dig., § 5110. No attorney's fees, penalty, etc., were payable to the holder of the policy. 129 Ark. 321; 86 *Id.* 147; 58 *Id.* 407; 70 *Id.* 226.

5. A stipulation in a note or mortgage for the debtor to pay the attorney's fee for collection by suit is void. 77 Ark. 128; 42 *Id.* 167; 63 *Id.* 225; 42 *Id.* 97; 103 *Id.* 212. The court had jurisdiction to require appellees to credit appellant with the attorneys' fees and it should have done so.

6. On the cross-complaint appellant was entitled to recover. The consideration had failed and appellee wilfully had the house burned and collected the insurance. 1 Wait's Actions & Def. 111. The fact that appellees burned the house is *res judicata.* 120 Ark. 216; 66 *Id.* 336. There was a failure of consideration. There was nothing described in the deed. This is not a case of

mutual mistake to be corrected by reformation. The sale should be canceled and the consideration paid appellees returned.

*R. G. Davies,* for appellees.

1. The whole record is not before the court and the appeal should be dismissed.

2. Appellant is estopped. Ostrander on Ins., § 259; 12 Ark. 421-559; Bigelow on Estoppel (5 ed.), 574; 108 Mass. 246; 61 N. Y. 280; 47 Ark. 317; 64 *Id.* 213; 102 *Id.* 146; 73 *Id.* 281.

3. The appeal should be dismissed because after the court had found the exact amount due and appellees had been forced by execution to pay the amount into court the appellant took the money voluntarily from the clerk of this court and then appealed. 3 C. J. 679, § 552.

WOOD, J., (after stating the facts). We are confronted, *in limine,* with the motion to dismiss the appeal. This motion must be granted for the reason that the execution docket shows that the appellant accepted the fruits of a settlement made according to the terms of the decree from which she prosecutes this appeal. Appellant "can not have her cake and eat it, too." The case on the motion to dismiss is controlled by *Coston* v. *Lee Wilson & Co.,* 109 Ark. 548-550, where, quoting from *Bolen* v. *Cumby,* 53 Ark. 513, we held: "A party may prosecute his appeal from a judgment partly in his favor and partly against him, even after accepting the benefit awarded him by the judgment, provided the record discloses that what he recovers is his in any event—that is, whether the judgment be reversed or affirmed. But he waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right he seeks to establish by the appeal."

The appellees contended in the court below, and contend here on cross-appeal that the appellant is estopped from claiming both the amount of the judgment for damages against the appellees for destroying the house by fire, and also the amount of insurance collected by the ap-

pellees on the policy; that if she holds to the one, she must relinquish the other. If the appellees, cross-appellants, are correct in this contention, which we need not decide, then the appellant could not recover of appellees both the amount of her judgment for damages and the amount of the insurance which the appellees recovered from the insurance company. The appellant therefore by the appeal incurred the hazard of recovering less than was awarded her by the decree from which she appealed. In *Coston* v. *Lee Wilson & Co., supra,* we approved the following from *Bechtel* v. *Evans,* 10 Idaho 147, 77 Pac. 212: "If the party has collected his judgment, and in seeking to gain more by the prosecution of an appeal, thereby incurs the hazard of eventually recovering less, then his appeal should be dismissed. If, on the other hand, the appeal is from such an order or judgment as that he could in no event recover a less favorable judgment, and that he incurs no hazard of ever receiving less than the judgment already collected by him, we see no objection to the prosecution of his appeal."

The court in determining what amount of the purchase money was due appellees on the contract with appellant, gave the latter credit not only for the amount of judgment for damages, but also for the amount less the attorneys' fees, which the appellees had recovered from the insurance company. Learned counsel for appellant says in his brief: "The court gave appellee a decree for $74 for taxes paid and for $55 for insurance premium paid and refused to give appellant credit for attorneys' fees of $200 collected from the insurance company, and dismissed her cross-complaint for want of equity, and from that part of the court's decree, the appellant has appealed." But the recitals of the decree on this point are as follows: "From their judgment, the defendant, Tessie Jones, prays an appeal to the Supreme Court," etc. It thus appears that the appeal was from the entire judgment in favor of the appellees. Moreover, appellant in her cross-complaint set up a failure of consideration in that the deed contained an erroneous description which

rendered the deed void for uncertainty, and that appellees had caused the house to be burned which caused a failure of consideration, and she alleged she had paid the appellees $800 on the contract for which she prayed personal judgment against the appellees. Therefore, even if it could be said the appeal was only from the decree dismissing appellant's cross-complaint, that appeal called for a review of the whole record on the issue raised by the cross-complaint and the answer thereto.

Chancery causes on appeal to this court are tried *de novo*, and the broad terms in which the appeal was prayed and granted as shown by the recital in the decree, called for a review of the whole record. Therefore, it can not be said that the appellant was entitled to all that she recovered by the decree in any event, whether the decree was reversed or affirmed. It follows that under the doctrine of *Coston* v. *Lee Wilson & Co., supra,* the motion to dismiss the appeal is well taken and the same is hereby granted. A decree will be entered dismissing the appeal.