GATE CITY BUILDING & LOAN ASSOCIATION *v.* FRISBY.

Opinion delivered May 14, 1928.

*Arnold & Arnold,* for appellant.
*Frank S. Quinn,* for appellee.

HART, C. J., (after stating the facts). The chancellor found that the Gate City Building & Loan Association had the paramount lien on the lands involved in the action and decreed a foreclosure of its mortgage under its cross-complaint for the amount due under its mortgage. In ascertaining the amount due appellant under its mortgage and in finding the amount appellant should recover upon the basis of the cancellation of the stock in said association described in appellant's notes and

mortgages, the chancery court held that, to ascertain the present value of the principal and the unmatured installments, interest should be calculated at six per cent. as the legal rate for half the unmatured monthly installments, instead of at ten per cent., as provided in the mortgage. The correctness of the chancellor's decision in this respect presents the only issue on the merits raised by the appeal. It will be seen that, while this issue is of small consequence in so far as the result in dollars and cents in the case at bar is concerned, it is of great importance alike to building and loan associations and stockholders and borrowers from them.

The chancellor seems to have proceeded upon a wrong conception of what was decided in *Roberts* v. *American Building & Loan Association*, 62 Ark. 572, 36 S. W. 1085. In that case the court expressly said that the rule for determining the amount which most nearly enforces all the contract obligations is "to ascertain the amount of stated dues and interest which will become due during the future existence of the corporation as estimated; then find the principal which, with interest for the supposed time, will amount to the dues and interest already calculated; this will be the present value of the anticipated payments; to this principal add the arrearage due, and the fines for the time between the date of default and the entry of the decree of sale."

After approving the above, the court referred to another rule, which is "to ascertain by proof the probable duration of the society, then to estimate the aggregate amount of the weekly and monthly installments payable during that time, from that sum rebate a just amount of interest, and add thereto the arrearage due, after allowing for payments made to the society, and the sum thus ascertained is the amount which the mortgagee is entitled to receive *in praesenti* in satisfaction of the mortgage."

The court said that either of these rules would be just to the borrowing member and to the associations.

Preference was given to the first rule because it gives a certain and accurate method of arriving at the amount, whereas by the latter rule the amount of interest to be rebated is not fixed, but is such as the chancellor may deem just.

But it is insisted that in the Roberts case the court fixed the rate of interest at six per cent., the legal rate for all cases. We do not think so. The rule adopted, as well as the reasoning of the court, shows that the contract rate was adopted and the interest was computed at six per cent. because that was the contract rate, and not because it was the legal rate. This was the interpretation placed upon the opinion in *Abrams* v. *Citizens' Building & Loan Association,* 125 Ark. 192, 188 S. W. 557. Eight per cent. was adopted in calculating the interest. The court expressly stated that the rule established in the Roberts case has become a rule of property. In discussing the subject the court said:

"This rule does no violence to the by-laws of the association, and therefore does not constitute the making by the court of a new contract for the parties. The parties have a right to stipulate in advance what the terms of settlement shall be in event of foreclosure, and a by-law on the subject would constitute a contract. But there is no by-law of appellee association providing for terms of settlement in case of foreclosure."

Since we have no express provision in the contract between the parties on this particular subject, it becomes necessary for the chancery court to fix the terms of settlement which are found to result from the contract, and we believe it to be not an unjust method to follow the rule laid down in the Roberts case.

In the later case of *Nakdimen* v. *Brazil,* 131 Ark. 144, 198 S. W. 524, the court said: "Moreover, the bond and mortgage constituted the last expression of the terms of the contract, and must control."

So we may consider it as the settled law of this State that the contract rate of interest must govern in

finding the present value of anticipated payments in foreclosing mortgages given by borrowers to the association. In the Abrams case it was also held that, in computing the present worth of the anticipated payments, the interest should be calculated for the average time of the payments, which would be one-half of the time from the date of the decree to the estimated maturity. In short, the court holds that, in ascertaining the amount of stated dues and interest that will become due during the future existence of the corporation as estimated, the contract rate of interest applies.

Having reached this conclusion as to the interpretation to be placed upon our own opinions which have heretofore been held to govern in cases of this sort, and which have become a rule of property in this State, no useful purpose could be served by citing or reviewing the decisions of courts of other States or text-writers on the subject.

It is next contended that the appeal should be dismissed because, after the appeal was taken by appellant, it caused the land embraced in the mortgage to it to be sold under the foreclosure decree, and became the purchaser at the sale. Under the terms of the mortgage, the mortgagee was given the right to become the purchaser at the foreclosure sale. Under these circumstances the mortgagee had a right to become the purchaser, and nothing is more common than for him to do so. Indeed, it is beneficial alike to the mortgagee and mortgagor for the former to purchase at the foreclosure sale, for a purchase by the mortgagee often prevents a sacrifice of the property. *Keller* v. *Whittington,* 106 Ark. 525, 153 S. W. 808; and *Easton* v. *German-American Bank,* 127 U. S. 532, 8 S. Ct. 1297.

The soundness of this rule has been conceded as to sales made under a power of sale contained in the mortgage as to foreclosure sales in chancery, but the rules laid down by this court in *Jones* v. *Hall,* 136 Ark. 348, 206 S. W. 671, and other cases, is applicable here. In that case

it was held that a party is estopped to appeal from a judgment where he has accepted the amount awarded to him by the judgment, if, by taking such appeal, he incurs the hazard of recovering less than the amount of the judgment. In that case, under the facts presented by the record, the appellant, by prosecuting the appeal, incurred the hazard of recovering less than was awarded her by the decree appealed from. The court, however, called attention to the fact that in *Coston* v. *Lee Wilson & Company*, 109 Ark. 548, 160 S. W. 857, it had approved the following from *Betchel* v. *Evans*, 10 Idaho 147, 77 Pac. 212:

"If the party has collected his judgment, and, in seeking to gain more by the prosecution of an appeal, thereby incurs the hazard of eventually recovering less, then his appeal should be dismissed. If, on the other hand, the appeal is from such an order or judgment as that he could in no event recover a less favorable judgment, and that he incurs no hazard of ever receiving less than the judgment already collected by him, we see no objection to the prosecution of his appeal."

In the case at bar the chancery court held that appellant had the paramount lien on the mortgaged property, and there was no dispute as to the amount of the mortgage indebtedness. In these respects the decree was not appealed from. The only dispute was as to the rule to be adopted in charging interest in finding the present value of the anticipated payments. There was no other contention between the parties. The chancery court adopted the legal rate, which was lower than the contract rate. Hence appellant incurred no hazard whatever of recovering a less amount upon appeal, and we think the motion to dismiss the appeal should be overruled.

The Home Building & Loan Association had a second mortgage upon the same property. The record shows that the mortgaged property did not sell for sufficient to pay both mortgages, and that a deficiency judgment against the owners of the mortgaged property

could not be collected. It is claimed that the difference in the amount to be collected by appellant is smaller than the costs of the appeal. Hence it is claimed that it would be inequitable to tax the costs of the appeal against any of the proceeds derived from a sale of the mortgaged property, but that the same should be taxed against the remaining assets of the mortgagor in the hands of a receiver of his estate. Now, the appellant had a right to appeal from an erroneous decree of the chancery court, whether the result of the appeal was much or little to it. As we have already seen, the question was of much consequence to appellant in the general prosecution of its business, and it had a right to have a decision from a court of last resort upon the matter. Hence it would be inequitable to tax the costs of the appeal against it. The general creditors had a right to the general assets in the hands of the receiver to pay their claims. This court has acquired no jurisdiction over them. It has acquired jurisdiction by this appeal over the proceeds derived from the sale of the mortgaged property, and may direct the chancellor to allow the receiver to pay the cost of the appeal out of such funds, after paying the decree in favor of appellant. The cost of the additional bond required of the receiver pending the appeal on motion of appellant will be taxed against appellant.

It results from our views that the decree of the chancery court must be reversed, and it will be directed to enter a decree in accordance with this opinion and for further proceedings in accordance with the principles of equity. It is so ordered