SMITH *v*. NEW HAMPSHIRE SAVINGS BANK.

4-2658

Opinion delivered October 10, 1932.

*Ingram & Moher,* for appellant.

*G. W. Botts,* for appellee.

McHANEY, J. Appellants, husband and wife, on March 9, 1927, executed their promissory note for $6,500, secured by a mortgage on 320 acres of rice land in Arkansas County, to the American Investment Company, who, for a valuable consideration, sold and assigned same to appellee. The principal note was made due and payable April 1, 1937. Attached to said note were ten interest coupons for $390 each, representing the annual interest on the principal note, and one became due on the first day of April each year until the principal note became due. Default was made in the payment of the interest coupon due April 1, 1930, and on March 12, 1931, appellee, under the power contained in both the note and mortgage, elected to and did declare the whole amount due and payable, there being an acceleration

clause in both the note and mortgage. Thereafter appellee brought this suit to foreclose the mortgage and prayed for judgment against appellants for the debt and interest, which then amounted to $7,035.02 together with interest from April 1, 1930, (the date default was made in payment of the coupons) at 10 per cent. per annum until paid. There is a clause in the coupon notes providing that interest might be charged at 10 per cent. after maturity. A decree was rendered in conformity with the prayer of the complaint, fixing a lien upon the land and ordering same sold in satisfaction of the debt.

Appellants, although personally served with summons, did not appear in the lower court but wholly made default.

The only question raised on this appeal is that the court erred in rendering a decree for the debt with 10 per cent. interest from the accelerated maturity, April 1, 1930, and they rely upon the authority of *Jewell Realty Co.* v. *Kansas City Life Ins. Co.*, 182 Ark. 397, 31 S. W. (2d) 521, where this court had occasion to pass on a similar question. We think appellants are not in position to question the validity of the decree against them for several reasons, one of which will be sufficient. The record shows that appellants have recognized the validity of the decree. While they did not appear in the trial of the cause, filed no pleading and made no objection in the lower court to the decree in any manner, they did, at a later date, appear and ask the court to postpone the date of sale, which the court did, appellee consenting thereto. Thereafter appellants came into court and petitioned the court to appoint a receiver to take charge of said lands and rent same for the year 1932. This order was made, appellee consenting, the sale being postponed until December 1, 1932, and appellants agreed to cultivate 120 acres of the lands in rice and to pay appellee one-fifth of said crops as rents. These were inconsistent positions with the right now asserted for appellants to assume, and as said in *Jones* v. *Hall*, 136 Ark. 353, 206

S. W. 671: "He waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right he seeks to establish by the appeal." By asking for and obtaining a postponement of the sale and by asking for the appointment of a receiver to rent the land and actually renting a portion of it for the year 1932, without raising any question in the lower court as to the validity of the decree or the amount of the judgment against them, they are precluded from raising the question in this court for the first time.

Affirmed.