Bill R. JONES *v.* Walter and Belinda RAY

CA 95-562                                           925 S.W.2d 805

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1996

*Murrey L. Grider,* for appellant.

*Don R. Brown,* for appellees.

JUDITH ROGERS, Judge. This case involves a dispute between the buyers and seller of a house. This is an appeal from a decree resolving that dispute wherein the chancellor granted appellee-buyers judgment in the amount of $2,446.49 and ordered appellant-seller to bear the expense of placing the home under a termite contract. Appellant raises two issues on appeal. He contends: (1) that the chancellor erred in granting relief not sought by appellees; and (2) that the chancellor erred in granting the amount and nature of damages awarded. We find no merit in the first issue raised, but we find sufficient merit in a portion of the second issue to remand on that point.

Appellees, Walter and Belinda Ray, purchased a home from appellant, Bill Jones, on May 27, 1993. Thereafter, they filed this suit in equity for the rescission of the purchase agreement. In their complaint, appellees alleged that the house had termite damage, that the sewer was defective and that a weight-bearing wall had settled due to deterioration in the underlying foundation. Appellees further alleged that appellant had concealed these material facts in order to induce their purchase of the house. After a hearing, the chancellor found no fraudulent inducement and concluded that the parties were operating under a mutual mistake of fact regarding the existence of termites and the resulting damage. The chancellor found, however, that this mutual mistake of fact was not substantial enough to warrant rescission of the contract. The court then awarded appellees $2,446.99 for the repair of the termite damage. The chancellor further ordered that the house be inspected for

termites after the completion of the repairs and that "the residence should be placed under a contract at the expense of the [appellant]." This appeal followed.

■■ As his first issue, appellant contends that the chancellor erred in awarding appellees damages when rescission was the only claim for relief sought in their complaint. Appellant contends that appellees elected the remedy of rescission and that he had no notice of a damage claim.[1] We do not find this argument persuasive. The record reflects that appellees, and appellant himself, presented testimony concerning the amount it would cost to repair the termite damage. We have held that, although pleadings are required so that each party will know the issues to be tried and be prepared to offer his proof, Rule 15(b) of the Arkansas Rules of Civil Procedure provides that issues not raised in the pleadings, but tried by express or implied consent of the parties, shall be treated in all respects as if they had been pled. *In re Estate of Tucker*, 46 Ark. App. 32, 881 S.W.2d 226 (1994). Under the circumstances, we conclude that the issue was tried by the implied consent of the parties. Moreover, appellant has failed to cite any authority for the proposition that the chancellor could not make an award of damages to compensate appellees for their loss upon finding that rescission of the contract was not justified under the facts presented at trial. The doctrine of election of remedies applies to remedies, not causes of action. *Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993). Simply put, it bars more than one recovery on inconsistent remedies. *Cater v. Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993). No double recovery has occurred here; therefore, it cannot be said that the doctrine of election of remedies has been offended. A court of equity may fashion any reasonable remedy justified by the proof. *Smith v. Eastgate Properties, Inc.*, 312 Ark. 355, 849 S.W.2d 504

---

[1] Not surprisingly, appellant does not argue in this appeal that the chancellor erred in failing to grant appellees' request for rescission of the contract. Nor have appellees pursued a cross-appeal from the chancellor's decision arguing that their claim for rescission should have been granted. In short, no party in this appeal takes issue with the chancellor's denial of that relief. Consequently, any question of whether the chancellor should or should not have granted rescission is not an issue that is before us. We point this out only as a statement of the obvious, and that statement is not a product of flawed or result-oriented reasoning. More to the point, since the question of rescission is not before us, we are puzzled by the dissent's conclusion that this case ought to be reversed and remanded for the purpose of granting that relief.

(1993). We find no merit in appellant's challenge to the chancellor's ruling.

■ Appellant also takes issue with the amount of damages awarded by the chancellor, arguing that it exceeded the amount necessary to repair the damage. The chancellor, however, considered the testimony of appellant's witness and disregarded it for the reason that the witness's estimate did not include the cost of repairing the floor. The court found that the repair of the floor was necessary and accepted the estimate of appellees' witness who stated that the total damage could be repaired for $2,446.99. Chancery cases are reviewed *de novo* on appeal, and the appellate court will not disturb the chancellor's findings unless they are clearly against the preponderance of the evidence, giving due deference to the chancellor's superior position to determine the credibility of the witnesses and the weight to be given their testimony. *McClard* v. *McClard*, 50 Ark. App. 189, 901 S.W.2d 33 (1995). We cannot say that the chancellor's finding is clearly erroneous.

■ Appellant further argues that the chancellor erred in ordering him to bear the expense of keeping the home under a termite contract for an indefinite period. In response, appellees maintain that appellant's interpretation of the order is too broad. We agree that the chancellor's order is not entirely clear on this point. Although we have the power to decide chancery cases *de novo* on the record before us we may, in appropriate cases, remand such cases for further action. Since the chancellor's direction is unclear and the parties themselves dispute its meaning, we think it appropriate to remand for the chancellor to reconsider or clarify his order on this point alone.

Affirmed in part; remanded in part.

JENNINGS, C.J., and COOPER and ROBBINS, JJ., agree.

GRIFFEN and MAYFIELD, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I disagree with the result that the majority has reached in this case and write to explain why I believe that the chancellor's decision should be reversed and the case remanded.

Appellee and his wife contracted to purchase from appellant a house located on an acre of land in Randolph County for $34,500. The sale contract closed on May 27, 1993, with title conveyed by

warranty deed. On March 25, 1994, appellee filed a complaint for rescission, alleging that at the time of the sale, appellants failed to disclose three material facts about the property that would have caused him not to purchase it: (1) the existence of extensive termite damage; (2) a faulty sewer system that did not pass inspection; and (3) a defective weight-bearing wall in the center of the residence that settled because the foundation had deteriorated. The action was tried on December 13, 1994, and the chancellor found that appellant was not at fault concerning installation of a new sewer system. However, he found that the residence suffered from "substantial termite and water damage" at the time of the sale that was unknown to both parties and constituted a mutual mistake of fact. Yet the chancellor concluded that the "mutual mistake of fact was not . . . substantial enough to entitle the [appellees] to rescission of the sale." In lieu of rescission, the chancellor entered a decree directing appellant to accept a repair bid of $2,446.99 for repair of the termite and water damage, to obtain a termite inspection by a licensed contractor after the repairs are completed, and to place the property under a termite contract at the appellant's expense. Appellant challenges this decree and contends that because the chancellor granted relief not sought by appellee and erred in the amount and nature of the damages awarded, reversal is mandated.

Before a mutual mistake will affect the binding force of a contract, the mistake must be of an existing or past material fact that is the basis of the contract. *Mitchell* v. *First Nat'l Bank in Stuttgart*, 293 Ark. 558, 739 S.W.2d 682 (1987). When rescission is based on mutual mistake rather than fraud, the recoveries of the parties are limited to their restitutionary interests. *Carter* v. *Matthews*, 288 Ark. 37, 701 S.W.2d 374 (1986). Although we review chancery cases de novo on the record, the test on review is not whether we are convinced that there is clear and convincing evidence to support the trial judge's findings, but whether we can say that the trial judge's findings were clearly erroneous. *Lambert* v. *Quinn*, 32 Ark. 184, 798 S.W.2d 448 (1990).

I am convinced that the chancellor had no authority to award relief in the nature of damages and specific performance. The complaint was for rescission and restitution of the purchase price, not for specific performance and damages for breach of contract. The remedy of rescission and restitution is inconsistent with either specific performance or damages. The case was pled as one for rescis-

sion and restitution, tried on that basis, and appellee did not move to amend the pleadings to conform to the proof at trial. The inconsistency of the remedies compelled the holding that appellee elected to pursue, and was entitled to be granted, the remedy of rescission and restitution, not specific performance and damages. Therefore, the chancellor's decree directing appellant to effect repairs and pay for them was erroneous.

The chancellor also erred by directing appellant to procure a contract protecting the residence against future termite damage. At most, the parties contracted that appellant would furnish a certificate that the residence was free of termites when the sale occurred. The chancellor decreed, however, that appellant would obtain a contract for future termite protection covering an indefinite period of time. This relief was not only inconsistent with the rescissionary relief sought by the complaint, it went beyond anything that the parties negotiated. The goal of rescission is to return the affected party to the position that it would have enjoyed had no transaction occurred, not to give that party the benefit of a bargain never negotiated. Even if the house had been termite free based upon a termite inspection by a licensed inspector, appellant would not have been liable for the cost of termite protection after the purchase, let alone for an indefinite span of time thereafter.

However well-intentioned the majority may be in reaching its result, this decision suffers from the flaws of result-oriented reasoning. There are no valid grounds to justify a decision granting compensatory and specific performance relief, even on de novo review as we perform on chancery appeals. Nobody sued for damages. Nobody sued for specific performance. The majority attempts to escape these uncontroverted and indisputable realities by stating that appellee filed no cross-appeal challenging the compensatory and specific performance relief that the chancellor granted, and by noting that appellant contested the rescissionary relief that appellees sought at trial. Those observations are correct as far as they go; their flaw is that they do not travel the logical distance required for deciding this appeal. Appellant did contest rescission at trial. Appellees have not filed a cross-appeal. These realities do not alter the fact that nobody sought any relief that the chancellor awarded. Furthermore, nobody ever had a clue — or a rational reason to suspect — that the chancellor contemplated granting that relief. That error is the crux of this appeal. The majority opinion does nothing to

correct it, nor does it provide meaningful guidelines to trial judges and litigants about when and under what circumstances similar results may be upheld in the future.

If notice pleading is to serve its rightful purpose of informing parties and courts what a lawsuit is about, and if courts are bound to hold parties to their pleadings in weighing the evidence in trials, it is both illogical and unfair for courts to disregard the pleadings and the proof and manufacture remedies and facts. Yet that is precisely the result affirmed by this decision. Without warning, the parties received a judicial decision that granted appellees an indefinite termite contract at appellant's expense, enforced a purchase contract for a house they had sued to rescind, and did so on the justification that although there was inescapable proof that a mutual mistake of a material fact occurred (that the house had been certified to be free of termite infestation when there was what the chancellor found to be "substantial termite and water damage"), the mistake was not "substantial enough." Neither the trial court nor the majority opinion explains how a mutual mistake that is not "substantial enough" to justify voiding a transaction and returning the parties to their original position is somehow "substantial enough" to warrant imposing a contractual relationship entirely different from anything that the parties negotiated or from the relief they sought by the litigation.

Rule 5(a) of the Arkansas Rules of Civil Procedure requires that any pleading asserting new or additional claims for relief against any party who has appeared in an action must be served on that party pursuant to the rule concerning service and filing of pleadings. Rule 8(a) requires that all pleadings setting forth a claim for relief shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief, and (2) a demand for the relief to which he considers himself entitled. Rule 8(f) provides that all pleadings shall be liberally construed so as to do substantial justice. The Reporter's Notes to Rule 8 state that the purpose of this rule is to require that pleadings be drafted in such a manner as to give a party fair notice of what the claim is and the grounds upon which it is based. Rule 15(b) provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and that failure by any party to

move to amend the pleadings as may be necessary to cause them to conform to the evidence and to raise the new issues does not affect the result of the trial of those issues.

It is true that the parties introduced proof concerning the cost of correcting the termite damage to the house. That does not warrant the conclusion that they agreed, explicitly or implicitly, to try the case as one for breach of contract and damages. The more realistic conclusion is that the proof was intended to demonstrate the differing views on the extent of termite infestation and damage to show whether it was significant. It is well-settled, after all, that courts will not grant rescission in cases involving insignificant consequences flowing from a mutual mistake of material fact. Dan B. Dobbs, *Law of Remedies* § 12.11(2), at 295 (2d ed. 1993). Therefore, the fact that both parties presented proof regarding the cost of repairing the damage caused by the termite infestation does not justify concluding that they agreed to try the case for damages due to breach of contract — relief that neither of them sought — or a contractual relationship wholly different from the one they negotiated.

Due process — also termed as fundamental fairness — demands that parties at least know in advance of the decision what remedies a court may be contemplating regarding their dispute, even if they necessarily cannot know whether or not the remedies will be obtained or imposed. In this case, neither party knew that the chancellor was contemplating entering an award of damages coupled with a decree of specific performance, and the appellant could not have imagined that the chancellor would order him to pay for termite protection for an indefinite period of time on a termite-infested house that the appellee and his wife indicated they did not want to keep. Based on the result announced by the majority, the parties now must wonder what kind of termite contract they will be likely to get and be ordered to provide on the house that appellees did not want to keep. Other readers of the majority opinion now must wonder when and whether they may be faced with a dispute that will result in unwanted, unsought, and unpleaded relief based upon facts never proved. Rather than subject anybody to either scenario, I would reverse the chancellor's decision and remand the case with instructions to enter a decree grant-

ing rescission of the purchase contract and return of his out-of-pocket costs.

MAYFIELD, J., joins in this dissent.