David WILSON *v*. Arthur FULLERTON and Bradley Motor
Company, Incorporated

397-358                                    964 S.W.2d 208

Supreme Court of Arkansas
Opinion delivered March 5, 1998

112

*Bill G. Wells* and *Thomas D. Deen*, for appellant.

*Epley, Epley, & Parker, Ltd.*, by: *Tim S. Parker*, for appellees.

TOM GLAZE, Justice. Appellant David Wilson is a used car dealer who purchased three used trucks from appellees Bradley Motor Company, Inc., and its president, Arthur Fullerton. At the time of purchase, First State Bank of Warren held title to two of the trucks that had been repossessed from a Mr. Thomas and Mr. Lephiew. Chrysler Credit Corporation possessed the title to the third truck, which is not at issue in this litigation. This appeal ensues from Wilson's suit against Bradley Motor and Fullerton wherein Wilson alleged the tort of deceit, claiming they willfully and wantonly refused to give him the titles to the Thomas and Lephiew trucks. Fullerton and Bradley Motor subsequently filed a third-party complaint against First State Bank, and asserted that the Bank was solely responsible for failing to convey the two titles to Wilson. Wilson then brought suit directly against the Bank for the tort of conversion, alleging the Bank converted his titles after having been paid for them.

The parties' dispute was tried to a jury which awarded Wilson a verdict against Fullerton for compensatory damages in the amount of $50,000.00 and $100,000.00 in punitive damages; against Bradley Motor for $25,000.00 in compensatory damages and $25,000 in punitive damages; and against First State Bank for $4,710.00 in compensatory damages. Afterwards on posttrial motions, the trial court found the verdicts inconsistent because the

same jury instruction on compensatory damages was given against Fullerton and Bradley Motor, yet the jury returned different awards. Also, the court found that, because of the different theories of tort liability pursued against the Bank and Fullerton and Bradley Motor, Wilson had a potential for receiving a double recovery for the same economic loss.

The trial court, after reviewing the evidence, concluded that Wilson's compensatory damages against both Fullerton and Bradley Motor amounted to $5,118.45. Because these same expenses incurred by Wilson involved the same economic loss attributed to First State Bank, the trial court ordered that Wilson could recover $4,710.00 on only one of the judgments against Fullerton, Bradley Motor, or the Bank, and not all three.[1] In addition, the trial court reduced Fullerton's punitive damages to $25,000.00 (the same amount awarded against Bradley Motor), finding the jury's larger amount resulted from passion and prejudice, likely due to Fullerton having failed to appear and defend his case. The trial court's judgment was filed on August 30, 1996.

Unhappy with the trial court's order reducing the jury verdict amounts for compensatory and punitive damages, Wilson filed this appeal on September 27, 1996, arguing that the trial court's remittiturs were made in error. Since First State Bank satisfied its judgment on September 23, 1996, and filed it of record on October 7, 1996, in the full amount of $4,710.00, Wilson did not appeal from that judgment. However, Fullerton and Bradley Motor filed a timely cross-appeal, on October 2, 1996, asserting, as they did in their posttrial motions, that the evidence did not support the compensatory damages awarded. They further argue that, because compensatory and punitive damages are interwoven, any error made with respect to one award of damages requires a retrial of the whole case. Fullerton and Bradley Motor further argue that Wilson's verdicts against them for deceit and against the Bank for conversion are mutually exclusive and amount to contradictory verdicts as well as double recovery.

---

[1] The difference between the $5,118.45 amount imposed against Fullerton and Bradley Motor and the $4,710.00 amount against the Bank appears to be attributable to the value of the Lephiew truck (without a title), which Wilson has possession of.

After the parties filed their respective appeals and the Bank satisfied its judgment, Wilson, on May 21, 1997, caused a writ of execution to be issued against real and personal properties owned by Fullerton and Bradley Motor. Fullerton and Bradley Motor responded on May 22, 1997, by filing a corporate supersedeas bond in the amount of $25,749.84, and on May 23, 1997, the court stayed all executions, levies, and garnishments pending this appeal. Following Wilson's action to execute on his August 30, 1996 judgment, Fullerton and Bradley Motor filed a motion to dismiss Wilson's appeal. They first claim Wilson cannot appeal a judgment on the one hand and attempt to satisfy it on the other. Additionally, Fullerton and Bradley Motor submit that, under the election-of-remedies doctrine, Wilson's acceptance of First State Bank's satisfaction of Wilson's conversion claim against the Bank requires the setting aside of his deceit claim against Fullerton and Bradley Motor. Because we agree with Fullerton's and Bradley Motor's first claim, we need not fully address their election-of-remedies argument at this stage. Instead, we will defer discussing that point when dealing with Fullerton's and Bradley Motor's cross-appeal.

■ ■ In considering Fullerton's and Bradley Motor's dismissal argument, the rule is well established that the acceptance of benefits of a decree or judgment which are inconsistent with the relief sought on appeal, and detrimental to the rights of others, bars the appeal and requires its dismissal. *See Shepherd v. State Auto Property & Casualty Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993); *Anderson v. Anderson*, 223 Ark. 571, 267 S.W.2d 316 (1954); *Jones v. Rogers*, 222 Ark. 523, 261 S.W.2d 649 (1953). Arkansas law is also well settled that the acceptance of an amount less than appellant contends is due him is an estoppel against his appeal only when, by seeking to gain more by the appeal, he risks a smaller recovery on reversal. *Coston v. Lee Wilson & Co.*, 109 Ark. 548, 160 S.W. 857 (1913); *see also Gate City Bldg. & Ass'n v. Frisby*, 177 Ark. 252, 6 S.W.2d 537 (1928); *Jones v. Hall*, 136 Ark. 348, 206 S.W. 671 (1918).

Wilson argues that, if we affirm the trial court's remittiturs, he will be entitled to no less than the reduced judgment. He is in error. In the present case, Wilson, by prosecuting his appeal,

incurs the hazard of recovering less than was awarded him by the judgment appealed from. From the outset of this litigation, Fullerton and Bradley Motor have denied they owed Wilson any damages, including compensatory ones. Nonetheless, the jury awarded Wilson $25,000.00 compensatory damages and the trial court awarded such damages in the reduced amount of $5,118.45. Still, both Fullerton and Bradley Motor have continued their challenge to any compensatory damages by cross-appealing from the $5,118.45 judgment, as well as the punitive-damage judgment awarded against them. Clearly, when Wilson accepts the $5,118.45 judgment in compensatory damages against Fullerton and Bradley Motor, but seeks to gain more by his appeal, Wilson indisputably risks a smaller recovery.

■ Specifically, if Fullerton and Bradley Motor prevail in their appeal and obtain a new trial on the reversal and remand of this case, a jury on retrial could well determine no compensatory damages should be awarded. As a consequence, Wilson would not only risk the loss of the $5,118.45 judgment against Fullerton and Bradley Motor, but in this circumstance, he could also lose his reduced award of $25,000.00 in punitive damages. *See Bell v. McManus*, 294 Ark. 275, 742 S.W.2d 559 (1988) (court held punitive damages are not recoverable unless compensatory damages are also awarded). At the very least, Wilson, on appeal, stands the possibility of having his $5,118.45 award against Fullerton and Bradley Motor reduced by the $4,710.00 payment made by the Bank, since Wilson accepted that payment during his appeal.

■ We add that, by filing a writ of execution in satisfaction of the remitted punitive damages, Wilson has also taken action that was detrimental to the rights of Fullerton and Bradley Motor. As a result of Wilson's attempt at execution, Fullerton was forced to post a supersedeas bond and obtain a stay of execution. Had Fullerton not done so, Wilson could have successfully executed the writ, and thereby possibly accept and benefit from the full amount of the remitted judgment. Such action is entirely inconsistent with the claim of right Wilson seeks to establish on appeal.

■ In sum, when Wilson voluntarily accepted partial satisfaction of the judgment, and later issued a writ of execution in an

effort to satisfy the entire judgment against Fullerton and Bradley Motor, he knew there was a dispute as to whether he would be entitled to the remitted judgments he had obtained. He knew both Fullerton and Bradley Motor had challenged all amounts of damages owed, and was well aware that they intended to continue that challenge, since they had filed a cross-appeal. Wilson, has, therefore, waived his right of appeal by virtue of his execution efforts and the satisfaction of judgment against First State Bank. Consequently, his appeal must be dismissed.

■    We now turn to Fullerton's and Bradley Motor's cross-appeal. In doing so, we consider the two points they offer for reversal, dismissal, or for a new trial or directive as to the effect of the Bank's satisfaction of Wilson's $5,118.45 judgment against Fullerton and Bradley Motor. In their first point, they argue the evidence adduced at trial was insufficient to support compensatory damages, and because compensatory and punitive damages are interrelated, the entire damage award required reversal and a retrial. As previously mentioned, the jury returned a verdict against Fullerton and Bradley Motor for compensatory and punitive damages. However, Fullerton and Bradley Motor asked not only that the damage verdicts be set aside because of insufficient evidence, but also made the alternative request that the trial court reduce the amount of any judgment to the amount consistent with the proof presented. As discussed earlier herein, the trial court granted a reduction in damages, and Fullerton and Bradley Motor never objected. Because Fullerton and Bradley Motor asked for and received a reduction in the compensatory and punitive damages awarded against them, they cannot on appeal complain of a ruling in their favor. See Carton v. Missouri Pac. R.R., 315 Ark. 5, 865 S.W.2d 635 (1993).

■    Fullerton's and Bradley Motor's second point for appeal is not as easily answered. Actually, this point encompasses several arguments. They initially argue that the trial court erred by permitting Wilson to pursue two mutually exclusive remedies. In sum, Fullerton and Bradley Motor urge that Wilson should not have been allowed to say they had committed the tort of deceit by fraudulently selling vehicles and willfully refusing to deliver the titles as promised, but at the same time, claim First State Bank had

converted the titles after Fullerton and Bradley Motor paid the Bank to release the titles. Fullerton and Bradley Motor argue that, while a jury could have found against either Fullerton and Bradley Motor or the Bank, Wilson could not recover against all of them. Of course, the trial court recognized this inconsistency, and as we discussed previously, the trial court entered a judgment which avoided double recovery, ordering that Wilson could only recover $4,710.00 from one of the defendants, Fullerton, Bradley Motor, or the Bank, not all of them. Again, Fullerton and Bradley Motor never challenged that part of the trial court's order below, and they may not do so now. *See Anthony v. Kaplan*, 324 Ark. 52, 918 S.W.2d 174 (1996).

■ ■ However, Fullerton and Bradley Motor are quite right that they had no opportunity to raise their election–of–remedies doctrine at trial, because the Bank's satisfaction of the trial court's award of $4,710.00 in compensatory damages was not filed until after Wilson filed his notice of appeal. The election–of–remedies doctrine bars more than one recovery on inconsistent remedies. *Cates v. Cates*, 311 Ark. 627, 846 S.W.2d 173 (1993); *see also Jones v. Ray*, 54 Ark. App. 336, 925 S.W.2d 805 (1996). Here, the trial court recognized the double recovery possibility and eliminated that problem, ordering that Wilson could not collect the $4,710.00 judgment more than once. When Wilson accepted payment of this amount from the Bank, he precluded further recovery of that amount from Fullerton and Bradley Motor. Accordingly, we hold Fullerton and Bradley Motor are entitled to have the $5,118.45 judgment against them reflect its satisfaction in the amount of $4,710.00, leaving a balance owed in the smaller amount of $500.00.

For the foregoing reasons, Fullerton's and Bradley Motor's cross–appeal is affirmed in part and reversed and remanded in part, with instructions consistent with this opinion.

NEWBERN, BROWN, and IMBER, JJ., concur in part and dissent in part.

ANNABELLE CLINTON IMBER, Justice, concurring in part and dissenting in part.

*I.*

I would deny Fullerton and Bradley Motor's motion to dismiss appeal. Wilson's attempt to execute on the reduced judgment while Fullerton and Bradley Motor had failed to obtain a supersedeas bond is consistent with the relief he seeks on appeal. Wilson's sole argument on appeal is that the trial court erred in reducing the verdicts that the jury originally awarded. The only remedy that he requests from this court is that we reinstate the amount of the original verdicts. Thus, there is no risk that Wilson will receive a smaller recovery should we affirm or reverse on direct appeal.

Of course, the majority is absolutely correct in stating that if we accept the arguments put forth by Fullerton and Bradley Motor on cross-appeal, one possible outcome is the grant of a new trial, which obviously carries with it the chance that Wilson will receive nothing once the case is retried. However, I am not persuaded that we should delve into Fullerton's and Bradley Motor's cross-appeal to hold that Wilson has somehow run the risk of recovering less on appeal, or that he has accepted the benefits of a judgment inconsistent with the relief he seeks on appeal. In none of the cases relied on by the majority was a possible outcome on cross-appeal dispositive in dismissing a direct appellant's appeal. *See Anderson v. Anderson*, 223 Ark. 571, 267 S.W.2d 316 (1954) (affirming dismissal of petition to set aside divorce decree following petitioner's acceptance of $60,000 under decree); *Jones v. Rogers*, 222 Ark. 523, 261 S.W.2d 649 (1953) (dismissing appeal challenging trial court's refusal to confirm commissioner's sale after appellants "enjoyed the possession and use of the $5,000.00" that came to them by virtue of the order denying confirmation); *Gate City Bldg. & Loan Assn. v. Frisby*, 177 Ark. 252, 6 S.W.2d 537 (1928) ("overruling" motion to dismiss appeal where appellant claimed a right to contract rate of interest rather than statutory rate following foreclosure sale — "appellant incurred no hazard whatever of recovering a less amount on appeal."); *Jones v. Hall*, 136 Ark. 348, 206 S.W. 671 (1918) (dismissing appeal that involved a review of the entire record to determine amount appellant was entitled to); *Coston v. Lee Wilson & Co.*, 109 Ark. 548, 160 S.W. 857 (1913) (same). To the extent that there is language

in our cases suggesting otherwise, *see Delaughter v. Britt*, 243 Ark. 40, 418 S.W.2d 638 (1967) ("There was no cross-appeal as to the amount of these damages.") (Fogleman, J., dissenting) *and McIlroy v. McIlroy*, 191 Ark. 45, 83 S.W.2d 550 (1935) ("In the case at bar there is no cross-appeal challenging the amount of alimony to be paid each month."), it is merely *dictum*. I think that the better course of action would be to look solely to the relief sought on direct appeal to determine whether an appellant has accepted the benefit of a judgment inconsistent with his appeal.

In *Shepherd v. State Auto Property & Casualty Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993), the appellants argued, among other things, that the trial court erred in allowing an underinsurance carrier to offset from its policy-limits liability proceeds already paid by the tortfeasor's carrier. The underinsurance carrier, which had voluntarily paid the judgment prior to the appeal, moved to dismiss the appellants' appeal on the theory that the appellants had accepted the benefits of the judgment that they appealed from, rendering their appeal inconsistent with acceptance of the judgment. Relying on the governing law set down in *Bolen v. Cumby*, 53 Ark. 514 (1890) ("[H]e waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right he seeks to establish by the appeal."), this court denied the motion to dismiss because the judgment that the appellants accepted belonged to them *"in any event,"* and "their claims on appeal expressly [went] to *additional* awards." *Shepherd*, *supra* (emphasis in original). This was true despite the fact that the carrier had filed a cross-appeal, ultimately dismissed as moot, in which it argued that it was entitled to the offset and that the trial court erred in not offsetting the judgment further with workers' compensation benefits paid.

The *Shepherd* case is in line with cases from other jurisdictions which hold that an appellant, who has already accepted some benefit from a judgment, and who requests only a larger amount on appeal, has not sought relief inconsistent with the judgment appealed from, and that such an "inconsistency" cannot be garnered from a possible result on cross-appeal. *Heacock v. Ivorette-*

*Texas, Inc.*, 26 Cal. Rptr.2d 257 (Cal. Ct. App. 1993) ("In deciding whether the plaintiff's appeal is inconsistent with having accepted the benefits of the judgment, we focus solely on the relief sought by the plaintiff, not on arguments made by a cross-appealing defendant."); *Stevens Const. Corp. v. Draper Hall, Inc.*, 242 N.W.2d 893 (Wis. 1976) ("As long as the party accepting the money has not put his right to that money in jeopardy in his own appeal, there is no waiver, even though his right to the money may be endangered by his opponent's cross-appeal or notice of review."); *Schleicht v. Bliss*, 532 P.2d 1 (Or. 1975), *disavowed on other grounds*, 688 P.2d 379 (Or. 1984) ("If a cross-appeal could prevent the original appellant from pursuing a valid appeal on the grounds the cross-appeal allows the appellate court to possibly reduce the award given the original appellant, the cross-appeal could be used as a vehicle to dismiss the original appeal."); *see also 1st Nat'l Bank v. Energy Equities Inc.*, 569 P.2d 421 (N.M. Ct. App. 1977) (reaching merits of cross-appeal that went only to additional awards despite direct appeal challenging the cross-appellant's right to amounts already collected under the judgment). Because Wilson's claim on appeal goes only to additional awards, I would reach the merits.

## II.

I concur in the result reached by the majority on Fullerton's and Bradley Motor's cross-appeal. As to their argument that the relationship between the compensatory and punitive award is so disparate as to require a new trial, this argument was made below in their "Motion for Reconsideration" filed before the entry of judgment. In cross-appellants' brief, and during oral argument, counsel for cross-appellants maintained that this "Motion for Reconsideration" was in fact a Rule 59 motion for new trial. Accepting the cross-appellants' characterization of their own motion, I would hold that we are precluded from reaching the merits because their argument was raised in an ineffective Rule 59 motion for new trial. In cases discussing the timeliness of notices of appeal this court has routinely stated that under Ark. R. Civ. P. 59(b), which provides "[a] motion for new trial shall be filed not

later than 10 days after the entry of judgment," a motion for new trial must be filed after entry of judgment in order to be effective. *See Benedict v. National Bank of Commerce*, 329 Ark. 590, 951 S.W.2d 562 (1997) ("[Appellant] failed to file her motion within the ten-day period provided in ARCP Rule 59(b), so it was ineffective."); *Breckenridge v. Ashley*, 55 Ark. App. 242, 934 S.W.2d 536 (1996) ("Because [the motion for new trial] was filed before the decree was entered, we are convinced that it was not timely."). The Reporter's Note to Rule 59 explains that "Section (b) marks a significant departure from prior Arkansas practice. Under this section, a motion for new trial must be filed within ten days after entry or filing of the judgment."

## III.

Finally, I agree with the majority that we are precluded from reaching the merits of the cross-appellants' election-of-remedies argument relating to the allegedly inconsistent jury verdicts because they failed to make such an objection below. However, I deem it unnecessary to reduce the compensatory award against Fullerton and Bradley Motor to reflect the payment by FSB, considering that the trial court specifically found that Wilson was entitled to "only recover the sum of $4,710.00 on one of the judgments, not against all of the party defendants." This would appear to eliminate any double-recovery problem.

NEWBERN and BROWN, JJ., join as to Part I.